Jacob F. RAMON, Plaintiff—Appellant,

v.

LOCKHEED MARTIN CORPORA-
TION, a foreign corporation,
Defendant—Appellee,

and

Space Based Laser Integrated Flight
Experiment, a joint venture of the
Boeing Company, a foreign corpora-
tion, Lockheed Martin Corporation, a
foreign corporation and TRW, Inc., a
foreign corporation, Defendant.

No. 02–56929.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2003.*

Decided June 18, 2003.

Before: RYMER, THOMAS, and
SILVERMAN, Circuit Judges.

MEMORANDUM **

Jacob F. Ramon appeals pro se the dis-
trict court's summary judgment for Lock-
heed Martin Corporation ("Lockheed") in
his age discrimination action. We have
jurisdiction pursuant to 28 U.S.C. § 1291.
We review summary judgment de novo,
*Wallis v. J.R. Simplot Co.,* 26 F.3d 885,
888 (9th Cir.1994), and we affirm.

The district court properly granted sum-
mary judgment on Ramon's claim pursu-
ant to the Fair Employment and Housing
Act, Cal. Gov't Code § 12941, because he
failed to rebut Lockheed's evidence dem-
onstrating that he was a substandard em-
ployee and that budget cuts forced it to
reduce its workforce. *See Hersant v.
Dep't of Soc. Servs.,* 57 Cal.App.4th 997, 67
Cal.Rptr.2d 483, 488–91 (Cal.Ct.App.1997).

The district court also properly granted
summary judgment on Ramon's claim that
Lockheed breached an implied employ-
ment contract with him because the par-
ties' "express at-will agreement precluded
the existence of an implied contract requir-
ing good cause for termination." *See
Camp v. Jeffer, Mangels, Butler & Mar-
maro,* 35 Cal.App.4th 620, 41 Cal.Rptr.2d
329, 334 (Cal.Ct.App.1995) (citing Cal. Lab.
Code § 2922).

The district court did not abuse its dis-
cretion by denying Ramon's Fed.R.Civ.P.
56(f) motion because Ramon did not "dili-
gently pursue[ ][his] *previous* discovery
opportunities," and did not "show how al-
lowing *additional* discovery would have
precluded summary judgment." *Qualls ex
rel. Qualls v. Blue Cross of Calif., Inc.,* 22
F.3d 839, 844 (9th Cir.1994) (emphasis in
original).

The district court did not abuse it dis-
cretion by failing to address Ramon's Fed.
R.Civ.P. 37 motion to compel because the
court implicitly denied that motion by
granting summary judgment. *See Colum-
bia Pictures Indus., Inc. v. Prof'l Real
Estate Investors, Inc.,* 944 F.2d 1525,
1532–33 (9th Cir.1991), *aff'd on other
grounds,* 508 U.S. 49, 113 S.Ct. 1920, 123
L.Ed.2d 611 (1993).

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2). Accordingly, we
deny Ramon's request for oral argument.

The district court did not abuse its discretion by denying Ramon's Fed.R.Civ.P. 60 motion for relief from the judgment because it merely reargued issues that the court had already considered and rejected. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 899 (9th Cir.2001).

Ramon's remaining contentions lack merit.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.