**Roy KNIBBS, Plaintiff–Appellant,**

v.

**G.E. CAPITAL MODULAR SPACE & TIP; Doug Egge; Barry Zwallzen, Defendants–Appellees.**

No. 03–55341.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 4, 2004.[*]

Decided Nov. 16, 2004.

Douglas G. Benedon, Esq., Gerald M. Serlin, Esq., Benedon & Serlin, Woodland Hills, CA, for Plaintiff–Appellant.

Christopher Barnes, Esq., Mancini & Associates, Encino, CA, Robert J. Hendrix, Esq., Morgan Lewis & Bockius, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: FERNANDEZ, SILVERMAN, and CALLAHAN, Circuit Judges.

**MEMORANDUM**[**]

Roy Knibbs appeals the district court's grant of summary judgment to Transport International Pool, Inc. (TIP) on Knibbs' claims of discrimination.[1] We affirm.

In the face of TIP's evidence of its nondiscriminatory reason for failing to promote him,[2] Knibbs did not submit evidence that would permit a reasonable jury to find in his favor[3] on his race and disability discrimination claims based on the failure to promote. Thus, the district court did not err when it granted summary judgment against him on those claims.

For similar reasons, the district court did not err when it granted summary judgment against Knibbs on his race and disability discrimination claims arising out of his termination.

Moreover, because TIP did accommodate Knibbs' known disability (his lifting restriction), the district court properly granted summary judgment on his claim for failure to accommodate. *See Jensen v. Wells Fargo Bank,* 85 Cal.App.4th 245, 256, 102 Cal.Rptr.2d 55, 62–63 (2000); *Hanson v. Lucky Stores Inc.,* 74 Cal. App.4th 215, 229, 87 Cal.Rptr.2d 487, 496 (1999).

Finally, because no violations of the prohibitions against race and disability discrimination were shown, the district court did not err when it granted summary judg-

---

[*] The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The claims are based on the tort of wrongful termination and on Cal. Gov't Code § 12940.

2. *See Guz v. Bechtel Nat'l, Inc.,* 24 Cal.4th 317, 355–56, 8 P.3d 1089, 1114, 100 Cal. Rptr.2d 352, 379–80 (2000); *Horn v. Cushman & Wakefield W., Inc.,* 72 Cal.App.4th 798,

807–08, 85 Cal.Rptr.2d 459, 466 (1999); *Hersant v. Cal. Dep't of Soc. Servs.,* 57 Cal. App.4th 997, 1004–05, 67 Cal.Rptr.2d 483, 488 (1998); *see also Aragon v. Republic Silver State Disposal, Inc.,* 292 F.3d 654, 658–59, 661 (9th Cir.2002); *Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1062 (9th Cir.2002).

3. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 255, 106 S.Ct. 2505, 2510, 2514, 91 L.Ed.2d 202 (1986); *Villiarimo,* 281 F.3d at 1061.

ment on Knibbs' wrongful termination claim. *See Stevenson v. Super. Court,* 16 Cal.4th 880, 894, 941 P.2d 1157, 1165, 66 Cal.Rptr.2d 888, 896 (1997); *Nelson v. United Techs.,* 74 Cal.App.4th 597, 608–09, 88 Cal.Rptr.2d 239, 245–46 (1999).

AFFIRMED.