**John J. FEWER, Plaintiff–Appellant,**

v.

**COPPER & BRASS SALES, INC.;
Thyssen, Inc.; Thyssen, Inc.; NA,
Defendants–Appellees.**

No. 04–56737.

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 2006.*

Filed June 9, 2006.

Gerald M. Serlin, Esq., John J. Fewer, Esq., Benedon & Serlin, Woodland Hills, CA, Christopher Barnes, Esq., Mancini & Associates, Sherman Oaks, CA, for Plaintiff–Appellant.

Russell S. Linden, Esq., Honigman, Miller, Schwartz & Cohn, Detroit, MI, Jamie L. Johnson, Esq., Bryan Cave, LLP, Santa Monica, CA, for Defendants–Appellees.

Before: REINHARDT, TROTT, and McKEOWN, Circuit Judges.

MEMORANDUM **

John J. Fewer appeals the district court's grant of summary judgment in favor of Copper & Brass Sales and Thyssen, Inc. ("C & B") on Fewer's claims of failure to accommodate, disability and age discrimination in violation of California's Fair Employment and Housing Act ("FEHA")

and his claim of wrongful termination in violation of public policy.

Fewer's claims revolve around a central assertion: that he was able to work with little or no accommodation as of October 1, 2001, but C & B would not let him return to his position. However, during Fewer's five month leave of absence for his back injury, his treating chiropractor, Dr. Gooing, sent C & B eight "Return to Work" notices, and all but two deemed Fewer "totally incapacitated." In addition, Fewer was awarded disability benefits from the State of California, as well as short-term disability benefits under C & B's Welfare Plan, based on declarations that he was unable to return to work during this period. Because Fewer failed to "proffer a sufficient explanation" to the district court for these inconsistent positions, the court did not abuse its discretion applying the doctrine of judicial estoppel. *Cleveland v. Policy Management Systems Corp.,* 526 U.S. 795, 806, 119 S.Ct. 1597, 143 L.Ed.2d 966 (1999).

Even applying "[s]traightforward summary judgment analysis, rather than theories of estoppel," *Johnson v. Oregon,* 141 F.3d 1361, 1369 (9th Cir.1998), we conclude that Fewer has failed to raise a genuine issue of material fact with respect to any of his claims. Fewer fails to raise a triable issue with respect to his failure to accommodate claim. C & B's provision of a leave of absence was a reasonable accommodation because Dr. Gooing's communications suggested a "totally incapacitat[ing]" but temporary disability that would not preclude Fewer from returning to work in the foreseeable future. *See Hanson v. Lucky Stores, Inc.,* 74 Cal. App.4th 215, 226, 87 Cal.Rptr.2d 487 (Cal. Ct.App.1999) ("[A] finite leave [of absence]

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

can be a reasonable accommodation under FEHA, provided it is likely that at the end of the leave, the employee would be able to perform his or her duties.").

Nor does Fewer raise a triable issue with respect to his claim that C & B failed to engage in a good faith interactive process to find an alternate accommodation other than a leave of absence. Fewer fails to present any evidence suggesting that C & B's initial accommodation—medical leave—was ineffective for a back injury that resulted in Fewer's "total incapacitation" for all but a few weeks, or that C & B was aware of its ineffectiveness. *See Williams v. Genentech, Inc.*, 139 Cal. App.4th 357, 42 Cal.Rptr.3d 585, 605 (2006); *Hanson*, 74 Cal.App.4th at 229, 87 Cal.Rptr.2d 487 ("We see no reason why this employer should be subjected to liability for failing to engage in the interactive process where the employee was reasonably accommodated....")

Fewer also fails to raise a triable issue with respect to his claims of unlawful termination because of disability and age. Given the evidence of his total incapacitation, he cannot demonstrate that he was able to perform the essential functions of his job even with any accommodation. Thus, Fewer is unable to make out a *prima facie* case of age or disability discrimination under FEHA. *See Brundage v. Hahn*, 57 Cal.App.4th 228, 236, 66 Cal. Rptr.2d 830 (Cal.Ct.App.1997); *Hersant v. Dep't of Social Servs.*, 57 Cal.App.4th 997, 1003, 67 Cal.Rptr.2d 483 (Cal.Ct.App.1997). Fewer's claim for wrongful termination in violation of public policy also fails. *Hanson*, 74 Cal.App.4th at 229, 87 Cal.Rptr.2d 487.

**AFFIRMED.**

REINHARDT, Circuit Judge, concurring:

I concur in the majority disposition other than the part relating to judicial estoppel. I would not reach that question but would simply resolve the appeal on the merits.