**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEXTER HOOKER, | No. 12-55134 |
| Plaintiff-Appellant, | D.C. No. 8:11-cv-00981-JVS-MRW |
| v. | |
| PARKER HANNIFIN CORPORATION, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted October 10, 2013
Pasadena, California

Before:    REINHARDT and CHRISTEN, Circuit Judges and SEDWICK,
District Judge.**

_____

*This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3(a).

**The Honorable John W. Sedwick, Senior United States District Judge for
the District of Alaska, sitting by designation.

Appellant Dexter Hooker ("Hooker") seeks review of the district court's order granting summary judgment in favor of Appellee Parker Hannifin Corporation ("Parker") on claims brought pursuant to California's Fair Employment and Housing Act ("FEHA") and his claim for wrongful termination. We review de novo, viewing the evidence in the light most favorable to the non-moving party to determine whether any genuine issues of material fact remain. *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003).

The district court granted Parker's motion for summary judgment on the FEHA claims based on Hooker's failure to exhaust administrative remedies, and we affirm. *See Okoli v. Lockheed Technical Operations Co.*, 36 Cal. App. 4th 1607, 1613, 43 Cal. Rptr. 2d 57, 61 (Ct. App. 1995) (before suing employer under FEHA, employees must exhaust administrative remedies). Hooker's first administrative complaint filed with the Department of Fair Employment and Housing ("DFEH") was timely but provides no basis for exhaustion. It raised allegations of age, race, and color discrimination, which are unrelated to the disability and medical leave discrimination claims in Hooker's current complaint against Parker. *Rodriguez v. Airborne Express*, 265 F.3d 890, 897 (9th Cir. 2001) (plaintiff failed to exhaust disability discrimination claim when original administrative complaint only alleged race discrimination and could not be

2

construed to include disability discrimination allegations because these two types of allegations were not reasonably related).

Hooker's second DFEH complaint alleging disability and medical leave discrimination was untimely. It cannot be rendered timely by finding that it related back to the first DFEH complaint because there were no facts alleged in the first DFEH complaint that could support a disability discrimination theory. *Id.* at 899.

The district court also granted summary judgment for Parker on Hooker's wrongful termination claim, and we affirm. In California, both disability discrimination and retaliation for exercising the right to family medical leave provide a basis for a common law wrongful discharge claim. *See City of Moorpark v. Superior Court*, 18 Cal. 4th 1143, 1161, 77 Cal. Rptr. 2d 445, 456, 959 P.2d 752, 763 (1998) (disability discrimination in violation of FEHA can form basis of wrongful discharge claim); *Nelson v. United Techs.*, 74 Cal. App. 4th 597, 612, 88 Cal. Rptr. 2d 239, 248 (Ct. App. 1999) (retaliation for taking medical leave can form basis of a wrongful discharge claim).

When, as here, a case involves a claim for wrongful termination based on an allegation of retaliatory and discriminatory employment termination, California applies the federal *McDonnell Douglas* three-part burden-shifting test. *Wills v.*

3

*Superior Court*, 195 Cal. App. 4th 143, 159, 125 Cal. Rptr. 3d 1, 14-15 (Ct. App. 2011) (citing *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 354-55, 100 Cal. Rptr. 2d 352, 378-79, 8 P.3d 1089, 1113 (2000)). The employee has the burden to establish a prima facie case of discrimination. 195 Cal. App. 4th at 159, 125 Cal. Rptr. 3d at 15. If met, the burden shifts to the employer to establish a legitimate, nondiscriminatory reason for the termination. *Id.* at 160, 125 Cal. Rptr. 3d at 15. If the employer does so, the burden shifts back to the plaintiff to provide substantial evidence that the employer's stated reason for termination was untrue or pretextual or evidence that the employer acted with a discriminatory motive. *Id.*

Assuming Hooker established a prima facie case, Parker established a nondiscriminatory, nonretaliatory reason for terminating Hooker—excessive attendance infractions. During the five months before his termination, Hooker received 4.5 attendance infractions. Hooker does not dispute these infractions. Parker's written policies state that four or more infractions within a six-month period could lead to adverse employment actions.

Thus, the burden shifts back to Hooker. To establish pretext, he "must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons . . . ." *Hersant v. Dep't of Soc. Servs.*, 57 Cal. App. 4th 997, 1005, 67 Cal. Rptr. 2d 483, 488 (Ct.

4

App. 1997).  Hooker contends he met this burden because his performance review form, dated just a few weeks before his termination, contradicts Parker's stated reason by noting that his attendance had been acceptable.  That form did not say so much.  It stated that his attendance had improved over prior years, but it also warned that Hooker already had three attendance infractions during the prior six months.

Hooker also argues that he met his burden because he was terminated a week after taking two days of approved medical leave.  While evidence of temporal proximity is sufficient to demonstrate a prima facie case of retaliation, the first step in the *McDonnell Douglas* burden-shifting test, it is ordinarily insufficient to satisfy the secondary burden to provide evidence of pretext.  *Loggins v. Kaiser Permanente Int'l,* 151 Cal. App. 4th 1102, 1112, 60 Cal. Rptr. 3d 45, 54 (Ct. App. 2007).  In this case, temporal proximity between Hooker's termination and his use of two days of medical leave "does not create a triable issue as to pretext, and summary judgment for the employer is proper."  *Arteaga v. Brink's Inc.,* 163 Cal. App. 4th 327, 357, 77 Cal. Rptr. 3d 654, 678 (Ct. App. 2008).


AFFIRMED.