[No. D026441. Fourth Dist., Div. One. Sept. 18, 1997.]

TOM HERSANT, Plaintiff and Appellant, v.
DEPARTMENT OF SOCIAL SERVICES et al., Defendants and
Respondents.

**COUNSEL**

Alcala, Martinez-Senftner & Velez, Carlos M. Alcala, George P. Harris and Lawrence F. Salisbury for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Silvia Diaz and Jill P. Armour, Deputy Attorneys General, for Defendants and Respondents.

**OPINION**

**BENKE, Acting P. J.**—Plaintiff and appellant Tom Hersant brought an action for age discrimination against his employer, defendant and respondent California Department of Social Services, and his supervisor, defendant and respondent Margaret Davis (jointly Department). Department sought, and the trial court granted, a motion for summary judgment finding no triable material issues of fact. Hersant appeals, arguing the trial court erred in so finding.

## BACKGROUND

### A. Complaint

On May 3, 1995, Hersant filed a form complaint against Department and his immediate supervisor, Davis, alleging he was demoted on the basis of his age in violation of the California Fair Employment and Housing Act. In an attachment to the complaint, Hersant alleged he was 52 years of age, had worked for the State of California since 1964 and had always received good work evaluations. He alleged he was demoted on June 28, 1994, one level from his staff service manager II position and was removed as the manager of Department's Carlsbad regional child day-care licensing and monitoring office.

### B. Motion for Summary Judgment

After answering the complaint, Department filed a motion for summary judgment. It argued the basis for Hersant's demotion was not his age but rather his unsatisfactory job performance. In general, Department alleged Hersant was insubordinate, inefficient, neglectful of his duties, dishonest and that he misused state property. More specifically, Department alleged Hersant was demoted for instituting policies at the Carlsbad regional office that resulted in a corruption of Department's computer data base by making its caseload appear larger than it was. Department alleged Hersant failed to notify his superiors of these policies. Further, Department alleged Hersant had indicated his intention not to follow Department policy concerning the termination of certain civil penalty proceeds and failed to follow the specific instructions of his superiors in conducting a promotional interview.

Department offered evidence that of the managers of the 21 regional licensing offices, the oldest of those managers was 66, the youngest 38. The

average age of such managers in Davis's region was 46.5 years. After his demotion, Hersant's position was filled by a manager with 21 years in state civil service and who was 45 years of age at the time of his appointment.

In opposition, Hersant alleged he followed applicable procedures in conducting the work of his office, had done nothing that would corrupt departmental data base, followed all Department policies known to him, never indicated an intention to ignore policy with regard to the termination of certain civil penalty proceedings and properly conducted the subject promotional interview. Hersant alleged Department's stated reason for his demotion was false and pretextual and that the true reason for his demotion was the bias of his supervisor, Davis, against older employees.

### D. *Decision*

The trial court found Hersant had failed to present evidence that his demotion was based on age discrimination. The court specifically concluded all of Hersant's bases for believing he was discriminated against on the basis of age were speculations.

### DISCUSSION

Hersant argues since there were triable issues of fact concerning his claim of age discrimination, the trial court erred in granting Department's motion for summary judgment.

### A. *Law*

Summary judgment is granted when there is no triable issue as to any material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) ■ This court reviews de novo the trial court's decision to grant summary judgment and we are not bound by the trial court's stated reasons or rationales. (*Prilliman* v. *United Air Lines, Inc.* (1997) 53 Cal.App.4th 935, 951 [62 Cal.Rptr.2d 142].)

In reviewing a motion for summary judgment, we accept as undisputed fact only those portions of the moving party's evidence that are uncontradicted by the opposing party. In other words, the facts alleged in the evidence of the party opposing summary judgment and the reasonable inferences that can be drawn therefrom are accepted as true. (*Sada* v. *Robert F. Kennedy Medical Center* (1997) 56 Cal.App.4th 138, 148 [65 Cal.Rptr. 112].)

Both federal and state law prohibits employers from discriminating against employees on the basis of age. (Gov. Code, § 12941, subd. (a); 42 U.S.C. § 2000e et seq.; 29 U.S.C. § 621 et seq.)[1]

 An employee alleging age discrimination must ultimately prove that the adverse employment action taken was based on his or her age. Since direct evidence of such motivation is seldom available, the courts use a system of shifting burdens as an aid to the presentation and resolution of age discrimination cases. (See *St. Mary's Honor Center* v. *Hicks* (1993) 509 U.S. 502, 505-506 [113 S.Ct. 2742, 2746-2749, 125 L.Ed.2d 407]; *Texas Dept. of Community Affairs* v. *Burdine* (1981) 450 U.S. 248, 252-255 [101 S.Ct. 1089, 1093-1095, 67 L.Ed.2d 207]; *McDonnell Douglas Corp.* v. *Green* (1973) 411 U.S. 792, 800-803 [93 S.Ct. 1817, 1823-1825, 36 L.Ed.2d 668]; *Caldwell* v. *Paramount Unified School Dist.* (1995) 41 Cal.App.4th 189, 195-199 [48 Cal.Rptr.2d 448].) That system necessarily establishes the basic framework for reviewing motions for summary judgment in such cases. (*Sada* v. *Robert F. Kennedy Medical Center, supra*, 56 Cal.App.4th at p. 148; *Addy* v. *Bliss & Glennon* (1996) 44 Cal.App.4th 205, 216 [51 Cal.Rptr.2d 642]; *Caldwell* v. *Paramount Unified School Dist., supra*, 41 Cal.App.4th at pp. 201-205.)

The burden-shifting system requires the employee first establish a prima facie case of age discrimination. If the employee does so, the employer is required to offer a legitimate non-age-based reason for the adverse employment action. If it does not, then the employee prevails. (See *St. Mary's Honor Center* v. *Hicks, supra*, 509 U.S. at pp. 505-507 [113 S.Ct. at pp. 2746-2747]; *Texas Dept. of Community Affairs* v. *Burdine, supra*, 450 U.S. at pp. 252-255 [101 S.Ct. at pp. 1093-1095]; *McDonnell Douglas Corp.* v. *Green, supra*, 411 U.S. at pp. 800-803 [93 S.Ct. at pp. 1823-1825]; *Sada* v. *Robert F. Kennedy Medical Center, supra*, 56 Cal.App.4th at pp. 148-151; *Caldwell* v. *Paramount Unified School Dist., supra*, 41 Cal.App.4th at pp. 195-199.)

Given the varying nature of the problem, it is impossible to make an exact, all-inclusive statement of the elements of a prima facie age discrimination case applicable in all situations. (*Ewing* v. *Gill Industries, Inc.* (1992) 3 Cal.App.4th 601, 610 [4 Cal.Rptr.2d 640]; 1 Lindemann & Grossman, Employment Discrimination Law (3d ed. 1996) ch. 16, pp. 586-587.) The general requirement is that the employee offer circumstantial evidence such that a reasonable inference of age discrimination arises. The requirement is

---

[1]While state and federal legislation concerning age discrimination differs in some respects, their objectives are identical, and courts of this state have looked to federal law to aid in the interpretation of analogous provisions of California statutes. (*Caldwell* v. *Paramount Unified School Dist.* (1995) 41 Cal.App.4th 189, 195 [48 Cal.Rptr.2d 448].)

not an onerous one. (*Heard* v. *Lockheed Missiles & Space Co.* (1996) 44 Cal.App.4th 1735, 1751 [52 Cal.Rptr.2d 620].)

▮ In the context of the present case, a reasonable inference, that is, a prima facie case, of age discrimination arises when the employee shows (1) at the time of the adverse action he or she was 40 years of age or older,[2] (2) an adverse employment action was taken against the employee, (3) at the time of the adverse action the employee was satisfactorily performing his or her job and (4) the employee was replaced in his position by a significantly younger person.[3] (See *Caldwell* v. *Paramount Unified School Dist.*, *supra*, 41 Cal.App.4th at pp. 195-200; *Nidds* v. *Schindler Elevator Corp.* (9th Cir. 1996) 103 F.3d 854, 858.)

▮ When the employee has made this showing, the burden shifts to the employer to go forward with evidence that the adverse action was based on considerations other than age discrimination. When the employer offers evidence justifying the adverse action on a basis other than age, the burden shifts back to the employee to meet his ultimate obligation of proving that the reason for the adverse action was age discrimination. This ultimate issue is decided on all the evidence. (*Heard* v. *Lockheed Missles & Space Co.*, *supra*, 44 Cal.App.4th at p. 1752; *Barber* v. *Rancho Mortgage & Investment Corp.* (1994) 26 Cal.App.4th 1819, 1835 [32 Cal.Rptr.2d 906].)

The exact showing required by an employee to avoid summary judgment in the face of evidence by an employer of a non-age-based reason for an adverse action is a matter of disagreement. The disagreement stems from language in *St. Mary's Honor Center* v. *Hicks*, *supra*, 509 U.S. 502, the United States Supreme Court's most recent opinion concerning the burden-shifting procedure used in discrimination cases. (Lindemann & Grossman, 1 Employment Discrimination Law, *supra*, ch. 2, pp. 23-25.)

In part, the court in *Hicks* emphasized that liability could not arise merely from a showing that the employer's stated nondiscriminatory basis for the adverse action was false. It stated the ultimate issue was not whether the employer offered an unbelievable explanation for the adverse action but whether the employer acted for a discriminatory reason. (*St. Mary's Honor Center* v. *Hicks*, *supra*, 509 U.S. at pp. 514-515 [113 S.Ct. at pp. 2751-2752]; *Green* v. *Rancho Santa Margarita Mortgage Co.* (1994) 28 Cal.App.4th 686, 694-696 [33 Cal.Rptr.2d 706].)

---

[2]Government Code section 12941, subdivision (a), makes it unlawful to take adverse employment actions against a person over the age of 40 on the ground of age.

[3]It is not entirely clear that this last element is a required part of the employee's prima facie case. (Cf. *O'Connor* v. *Consol. Coin Caterers* (1996) 517 U.S. 308, 309-313 [116 S.Ct. 1307, 1309-1310, 134 L.Ed.2d 433, 437-439] and *Heard* v. *Lockheed Missiles & Space Co.*, *supra*, 44 Cal.App.4th at pp. 1747-1753.) Given the manner in which we resolve this matter, it is not necessary we resolve the issue.

On the other hand, the court stated: "The factfinder's disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by suspicion of mendacity) may, together with the elements of the prima facie case, suffice to show intentional discrimination. Thus, rejection of the defendant's proffered reasons will *permit* the trier of fact to infer the ultimate fact of intentional discrimination, and . . . upon such rejection, '[n]o additional proof of discrimination is *required*,' [Citation.]" (*St. Mary's Honor Center* v. *Hicks, supra,* 509 U.S. at p. 511 [113 S.Ct. at p. 2749], fn. omitted; see also *post,* fn. 4.)

In the context of a motion for summary judgment, courts and commentators have considered the *Hicks* opinion and have come to varying conclusions concerning its meaning. Some have concluded an employee's prima facie case, even in the face of an employer's showing of a non-age-based reason for the adverse action, is alone sufficient to avoid summary judgment. Others have concluded *Hicks* requires the employee, once the employer has offered its nondiscriminatory reason, show both that the reason is false and that the true reason for the adverse action was a discriminatory animus. What has been described as the predominant view, however, is somewhere in between and requires the employee rebut the employer's stated nondiscriminatory reason with substantial evidence of its falsity or present other evidence suggesting a discriminatory basis, or some combination of the two such that a reasonable trier of fact could conclude the employer engaged in intentional discrimination. (1 Lindemann & Grossman, Employment Discrimination Law, *supra,* ch. 2, pp. 23-27.)

Courts in California appear to have taken different positions on the question. *Barber* v. *Rancho Mortgage & Investment Corp., supra,* 26 Cal.App.4th at page 1835, appears to suggest that an employee's prima facie case of discrimination is alone sufficient to avoid summary judgment, and she/he need present no evidence to rebut the employer's claimed nondiscriminatory motivation.

In *Martin* v. *Lockheed Missiles & Space Co.* (1994) 29 Cal.App.4th 1718, 1735 [35 Cal.Rptr.2d 181], however, the court stated: "[T]o meet an employer's sufficient showing of a legitimate reason for discharge[,] the discharged employee, to avert summary judgment, must produce 'substantial responsive evidence' that the employer's showing was untrue or pretextual."[4]

We agree with *Martin* and the predominant view that to avoid summary judgment, an employee claiming discrimination must offer

---

[4]*Stewart* v. *Rutgers, The State University* (3d Cir. 1997) 120 F.3d 426.

substantial evidence that the employer's stated nondiscriminatory reason for the adverse action was untrue or pretextual, or evidence the employer acted with a discriminatory animus, or a combination of the two, such that a reasonable trier of fact could conclude the employer engaged in intentional discrimination.

It is not enough for the employee simply to raise triable issues of fact concerning whether the employer's reasons for taking the adverse action were sound. What the employee has brought is not an action for general unfairness but for age discrimination. While, given the inherent difficulties in showing discrimination, the burden-shifting system established by the Supreme Court is a useful device to facilitate the adjudication of claims of discrimination, it ultimately, however, does not change what the employee must prove. In our judgment the fact an employee is the member of a protected class and has demonstrated triable issues concerning the appropriateness of the adverse action taken does not so readily demonstrate a discriminatory animus that it is alone sufficient to establish the fact of discrimination or alone sufficient to avoid summary judgment.

As several federal courts have stated: "The [employee] cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent. [Citations.] Rather, the [employee] must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder *could* rationally find them 'unworthy of credence,' [citation], and hence infer 'that the employer did not act for the [the asserted] non-discriminatory reasons.' [Citations.]" (*Fuentes* v. *Perskie* (3d Cir. 1994) 32 F.3d 759, 765, fn. omitted; *Sheridan* v. *E.I. DuPont de Nemours and Co.* (3d Cir. 1996) 100 F.3d 1061, 1072; *Stewart* v. *Rutgers, The State University, supra,* 120 F.3d 426.)

With this background in mind, we review the grant of Department's motion for summary judgment.

B. *Discussion*

Hersant successfully complied with the nononerous requirement he present a prima facie case of age discrimination. There is no dispute Hersant was over age 40 when demoted. Through his own declaration and deposition testimony, through the declaration of another regional manager and through the declaration of others in a position to judge his performance as a manager,

Hersant made a sufficient showing that he was performing his job satisfactorily at the time of his demotion. Assuming it was necessary he do so, Hersant also established he was replaced in his job by a man, who, while also over age 40, was 7 years younger than Hersant—a differential that could reasonably be described as "significant."

Department responded with an adequate showing that Hersant was demoted for nondiscriminatory reasons. The core of Department's motion for summary judgment was the notice of adverse action that resulted in Hersant's demotion. In general, Department accused Hersant of inefficiency, insubordination, neglect of duty, dishonesty and misuse of state property. These general claims arose from three areas.

First, Department alleged that Hersant, without the knowledge of his superiors and in contravention of Department policy, acted to artificially inflate the caseload of his Carlsbad regional office. This he allegedly did by failing, beginning in June 1993, to close at least 468 cases that Department policy required because of the licensee's failure to pay fees or because the licensee indicated an intent to surrender its license or close its facility. Department alleged Hersant instructed his employees not to close such cases until near the time of events that would make continuing the case as open impossible. Department alleged Hersant instructed his staff that rather than submitting such cases for closure, they were to prepare forms that kept the file open and change the address of the subject facilities to that of the Carlsbad regional office.

It was alleged Hersant carried out this policy, in part, to support additional employment positions at the Carlsbad office and to ensure that a management position of his level would be required at that office.

Department alleged Hersant's policy resulted in the intentional falsification of information maintained in the files and computer data bases of Department and resulted in the dissemination to various governmental and nongovernmental entities of false information in violation of statutes and regulations. Department also alleged that maintaining those 468 files as open result in mailings to facilities and licensees that had no need for such communications, resulting in the needless expenditure of state funds.

Department alleged Hersant failed to inform his supervisors of these case closings and address-change policies after being instructed to keep such supervisors informed of all significant policy and procedure changes in his regional office.

Next, Department alleged that Hersant was informed by his supervisor that in any case in which a district attorney refused to prosecute unlicensed

care providers because of pending civil penalty proceeding, the civil proceeding was to be terminated. With knowledge of this policy, Hersant sent a memo to Department's supervising investigator, with copies to other regional managers but with no copy to Davis, stating his intention not to follow that policy. In another memo to the investigator, Hersant set out the legal opinion that both civil and criminal procedures could proceed simultaneously. Department alleged these memos showed Hersant's unwillingness to follow policy and his lack of understanding of his role as a regional manager.

Finally, Department alleged that in December 1993 Hersant conducted interviews to fill a supervisor position in the Carlsbad office. Though instructed to include a district office manager on the interview panel, Hersant did not do so.

The question that remains is whether Hersant offered substantial evidence that the nondiscriminatory reasons for demotion given by Department were false, or presented evidence of a discriminatory animus or a combination of the two such that a reasonable trier of fact could conclude Department engaged in intentional age discrimination.

Hersant presented evidence showing there was no validity to any of the stated bases for his demotion. In his deposition and declaration, supported by the declarations of others in Department, Hersant stated, contrary to the assertion of the notice of adverse action, there was no Department policy requiring or authorizing the closing of cases when fees were not paid. Department policy only required files be closed when a licensed day-care facility was no longer in operation.

Hersant offered evidence that his was the only district office in the state that had in place a procedure for tracking, rebilling and forfeiting licenses when annual fees were not paid. This procedure was aggressive in collecting fees and as a result of the policy, the office was identifying cases to be closed much sooner than would otherwise have been identified. For various reasons, however, closures were not made immediately. This policy resulted in the Carlsbad office having a higher percentage of cases for closure than other offices.

As to other situations where policy required the closure of files, closures were made, although this was not given a high priority by staff and in some cases was delayed for valid reasons such as investigating if the licensed facility was in fact no longer in operation.

Hersant inquired concerning the closing of cases where fees had not been paid and was advised by Department's legal counsel that until regulations were formulated for such file closings, there was no authority to close them.

Concerning the changing of the mailing addresses[5] of licensees, Hersant stated, and the declaration of employees at the Carlsbad office confirmed, this was done based on a staff recommendation. Hersant stated he authorized changing the mailing address of licensees who had been sent notices of forfeiture to that of the Carlsbad office. This was done to identify which licensees had been issued forfeiture letters, as a way to identify licensees who had not paid their fees and a way to avoid the sending of mail to licensees whose mail was returned but whose files had not yet been closed. No one at the district office believed the policy improper. The resource and referral agencies were informed that any licensee with a mailing address listed as that of the district office was inactive for a failure to pay fees. The policy was not designed to corrupt Department statistics or recordkeeping. Hersant believed this policy was in accordance with a General Services directive to periodically correct mailing lists.

Hersant stated management above his level may not have been aware of this address-change policy, but he considered this a clerical matter which did not require notice to his superiors.

As to the claim he determined not to follow Department policy with regard to terminating civil penalty proceedings when, in light of such proceeding, a district attorney refused to prosecute criminally, Hersant stated that while he was aware such a policy had been discussed, he did not know it had been reduced to policy. Hersant stated since he was unaware it was policy to terminate such civil penalty proceedings, he believed there was nothing inappropriate in sending a memo to a Department investigator and other regional managers informing them of a legal opinion indicating it was unnecessary to suspend civil penalty proceedings before initiating criminal prosecution. Hersant did not believe there was any need at that point to send the memo to his superior.

Finally, with regard to the claim that in violation of instructions from his supervisor he conducted a promotional interview without the inclusion on the panel of another district manager, Hersant stated that shortly before Davis left on vacation she told him she believed Department personnel policy required such inclusion. Davis stated she would check. The supervisor, however, never informed Hersant of what she had determined. Nonetheless, Hersant attempted to get one of the other district managers in his region to sit on the panel. None was available on the day of the scheduled interview and rather than delay, Hersant went ahead.

Hersant states in his declaration that it was not until after Davis reviewed the application of the candidate who received the position, an application

---

[5]The mailings were sent from a central office and not from the regional office.

that indicated the candidate was 51 years old, did Davis complain about the manner in which the interview was conducted.

Hersant offered other evidence he believed more directly showed an age discriminatory animus. In a declaration, Fred Dumont, former manager of the Santa Ana district office, indicated he also had difficulty with regional manager Davis. Dumont believed Davis was harassing and a micromanager. Because of this harassment, Dumont, aged 59, decided to retire 3 years before he had planned. Dumont stated that after Hersant told him at an interview concerning the charges that resulted in Hersant's demotion and that Davis and a Department lawyer had inquired concerning Hersant's age and seniority, Hersant and Dumont concluded they were the victims of age discrimination. Dumont also noted Davis appeared to have concerns about whether he was having trouble hearing and about his health in general.

Hersant offered evidence that the regional manager of the San Diego office, Mary Delmast, had engaged in management practices that resulted in cases not being closed, applications pending for long periods and other serious deficiencies. Davis was aware of these facts and took no action against Delmast.[6]

We conclude Hersant failed to present "substantial responsive evidence" that Department's stated bases for demoting him were pretextual and motivated by a discriminatory animus. Hersant raised triable issues concerning whether the actions of Department were reasonable and well considered. A trier of fact could find either they were or they were not. What a trier of fact could not reasonably conclude, however, was that Department's stated reasons were implausible, or inconsistent or baseless; it would not be reasonable to conclude they were pretextual and used merely to veil an act of age discrimination.

Hersant's attempt to buttress his claim of age discrimination with more direct evidence is also unavailing. We agree with the trial court that to attribute Davis's claimed harassment and ill treatment of Dumont and Hersant and her inquiries concerning Dumont's hearing to age bias is simply speculation.

The trial court acted correctly in granting Department's motion for summary judgment.

---

[6]In the declaration of Department's deputy director in charge of Hersant's division, Mary Delmast was 51 years old at the time of Hersant's demotion.

The judgment is affirmed.

Huffman, J., and Nares, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 14, 1998.