Filed 9/30/14  Banis v. Magnate Fund CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THOMAS BANIS et al.,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>MAGNATE FUND #2 LLC et al.,<br><br>    Defendants and Respondents. | A137414<br><br>(Contra Costa County<br>Super. Ct. No. 1000601) |

Marie Dalkas-Banis and Thomas Banis sued Magnate Fund #2, LLC (Magnate) and Standard Trust Deed Services Co. (Standard) on a number of theories arising out of Magnate's foreclosure and credit bid purchase of property the Banises owned in Orinda.[1] After 13 of 14 causes of action were dismissed on demurrer, Magnate moved for summary judgment on the remaining cause of action alleging a failure to distribute trustee sale proceeds in accordance with Civil Code section 2924k.[2]  The trial court found Magnate's evidence established that its credit bid was below the outstanding balance of its loan secured by the Orinda property and that plaintiffs failed to present competent opposing evidence to raise a triable issue of fact on that issue.  Accordingly, the court granted summary judgment.  We agree, and affirm the judgment.

---

[1]For convenience we will generally refer to Dalkas-Banis and Banis jointly as plaintiffs.  Although the two plaintiffs' participation in the various transactions that resulted in the present state of affairs differed, those differences are immaterial to the limited issues raised by this appeal.

[2]Unless otherwise noted, references to statutes are to the Civil Code.

1

## BACKGROUND

Between 2004 and 2011, plaintiffs obtained multiple loans and loan modifications secured by the Orinda property. As of March 2011, the Orinda property was encumbered by two deeds of trust. The senior loan (the World Savings loan) was approximately $1,428,000. Magnate's loan of approximately $875,000 was in second position. Magnate foreclosed in 2011 and acquired the property at a trustee's sale on March 25, 2011, subject to the existing World Savings loan, with a bid of $505,088.93.

Plaintiffs sued Magnate, Standard, and various other defendants. After all but one of their causes of action were dismissed with prejudice on demurrer, Magnate and Standard moved for summary judgment on plaintiffs' remaining cause of action for failure to distribute proceeds of the trustee's sale pursuant to Civil Code section 2924k. The trial court granted summary judgment for the defendants. It explained: "Section 2924k sets the priority for distributing the 'proceeds' of a foreclosure sale. In the case at bar, there were no proceeds to distribute, because there was no cash bid exceeding defendant Magnate Fund's credit bid. . . . [¶] Defendants' opening evidence adequately establishes that defendant Magnate Funds made a credit bid in an amount that was less than the outstanding balance secured by the Orinda deed of trust," and plaintiffs failed to dispute that fact with competent evidence sufficient to raise a triable issue. The court further found plaintiffs had failed to articulate any legal theory of liability under which Standard, the foreclosure trustee, could be held vicariously liable for following Magnate's instructions in conducting the sale.

This appeal timely followed.

## DISCUSSION

### I. Legal Standards On Summary Judgment

" 'To secure summary judgment, a moving defendant may prove an affirmative defense, disprove at least one essential element of the plaintiff's cause of action [citations] or show that an element of the cause of action cannot be established [citations]. [Citation.] The defendant "must show that under no possible hypothesis within the reasonable purview of the allegations of the complaint is there a material

2

question of fact which requires examination by trial." [Citation.] [¶] The moving defendant bears the burden of proving the absence of any triable issue of material fact, even though the burden of proof as to a particular issue may be on the plaintiff at trial. [Citation.] . . . Once the moving party has met its burden, the opposing party bears the burden of presenting evidence that there is any triable issue of fact as to any essential element of a cause of action.' " (*Ochoa v. Pacific Gas & Electric Co.* (1998) 61 Cal.App.4th 1480, 1485 (*Ochoa*), brackets and ellipses in original.)

"In reviewing the propriety of a summary judgment, the appellate court must resolve all doubts in favor of the party opposing the judgment. [Citation.] The reviewing court conducts a de novo examination to see whether there are any genuine issues of material fact or whether the moving party is entitled to summary judgment as a matter of law." (*M.B. v. City of San Diego* (1991) 233 Cal.App.3d 699, 703–704.) "We accept as true the facts alleged in the evidence of the party opposing summary judgment and the reasonable inferences that can be drawn from them. [Citation.] However, to defeat the motion for summary judgment, the plaintiff must show ' "specific facts," ' and cannot rely upon the allegations of the pleadings." (*Horn v. Cushman & Wakefield Western, Inc.* (1999) 72 Cal.App.4th 798, 805.) "While '[s]ummary judgment is a drastic procedure, should be used with caution [citation] and should be granted only if there is no issue of triable fact' [citation], it is also true '[j]ustice requires that a defendant be as much entitled to be rid of an unmeritorious lawsuit as a plaintiff is entitled to maintain a good one.' " (*M.B. v. City of San Diego, supra,* at p. 704.)

## II. Analysis

Section 2924k prescribes the priority a foreclosure trustee must follow to distribute the proceeds of a trustee's sale. Proceeds are first applied to the costs and expenses of exercising the power of sale and of sale, including the payment of the trustee's and attorney's fees, and then to the obligation secured by the foreclosed deed of trust. Any remaining proceeds are applied to satisfy obligations secured by junior liens in the order of their priority. Only after these obligations are satisfied may remaining proceeds, if any, be distributed to the trustor. (§ 2924k, subd. (a)(1)–(4).)

3

Section 2924h, subdivision (b) permits the beneficiary of the foreclosing deed of trust to make a credit bid at the sale up to "the total amount due the beneficiary including the trustee's fees and expenses." "The only distinction between the [foreclosing] lender and any other bidder is that the lender is not required to pay cash, but is entitled to make a credit bid up to the amount of the outstanding indebtedness. [Citation.] The purpose of this entitlement is to avoid the inefficiency of requiring the lender to tender cash which would only be immediately returned to it. [Citation.] . . . . If the full credit bid is successful, i.e., results in the acquisition of the property, the lender pays the full outstanding balance of the debt and costs of foreclosure to itself and takes title to the security property, releasing the borrower from further obligations under the defaulted note." (*Alliance Mortgage Co. v. Rothwell* (1995) 10 Cal.4th 1226, 1238, text in initial brackets added.)

Magnate supported summary judgment with evidence that showed it purchased the property with a credit bid. John Simonse, one of the individuals who approve and manage loans for Magnate, attested that "Magnate purchased the Orinda property by making a credit bid for $505,088.93. . . . Our credit bid was less than the full amount of our loan in hopes that someone would overbid. No one did." Simonse further attested that "[f]ollowing the trustee's sale, the Orinda property reverted to Magnate, subject to the approximately $1,428,000 World loan which Magnate assumed. *There were no proceeds from the trustee's sale of the Orinda property. . . . [¶] [B]ecause there were no proceeds, there was no money to be applied.*" (Italics added.) Magnate's evidence thus shifted the burden to plaintiffs to produce competent evidence showing the existence of a triable issue of fact as to whether there were proceeds from the trustee's sale that should have been distributed to them under section 2924k. (*Ochoa, supra,* 61 Cal.App.4th at p. 1485.) In a second and more detailed declaration, Simonse clarified that the principal balance remaining on the loan when Magnate foreclosed was $636,832.54, and that $536,292.06 remained due and owing after credit for the foreclosure sales of the Orinda property and another property (the Yakima property) on which it held a deed of trust as additional security for the loan.

Plaintiffs disagree that Simonse's declarations were sufficient to shift the balance of production. They say their complaint alleged that their indebtedness on the Magnate loan had been satisfied when Magnate foreclosed on the Yakima property and another of their properties, this one in Hollywood, on which Magnate also held a trust deed.[3] But bare allegations are insufficient to defeat summary judgment. Once the moving defendant meets its burden of showing that no triable issue of material fact exists, the plaintiff must produce competent evidence sufficient to make a prima facie showing of the existence of a triable issue of material fact, and "may not rely upon the mere allegations or denials of its pleadings to show that a triable issue of material fact exists. . . ." (Code. Civ. Proc., §437c, subd. (p)(2); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850–851; *Bushling v. Fremont Medical Center* (2004) 117 Cal.App.4th 493, 506.)

Here, the court sustained Magnate's objections to essentially all of plaintiffs' evidence purportedly supporting their position that the Hollywood and Yakima foreclosures had satisfied their obligation on the loan. (See *Guz v. Bechtel National Inc.* (2000) 24 Cal.4th 317, 334 [reviewing court considers all evidence except that to which objections have been sustained].) Plaintiffs have not challenged those rulings on appeal, so they are final. All that remained of plaintiffs' evidence, to the extent potentially relevant to the amount they owed at foreclosure, were their attestations that they "made payments of $123,711.31" on the Magnate loan. But there is no evidence that these payments had reduced plaintiffs' principal loan balance, let alone that they reduced it below the amount of Magnate's credit bid. Summary judgment was properly granted.

Plaintiff's contention that when the court ruled on summary judgment it was under the assumption that it had already dispensed with their claim to credits for Magnate's foreclosure on the Yakima and Hollywood properties does not alter our conclusion. Whether or not plaintiffs are correct, we review the court's ruling de novo and are not

---

[3]In its reply brief in support of summary judgment, Magnate pointed out that the loan documents plaintiffs cited in support of this claim show that the Hollywood property secured a different loan obligation than the loan against the Orinda property.

bound by its stated reasons or rationales.  (*Hersant v. Department of Social Services* (1997) 57 Cal.App.4th 997, 1001.)  Our independent review fails to demonstrate any error possibly due to rejection of plaintiffs' claim to loan credits.

## DISPOSITION

Respondents' motion to dismiss the appeal is denied and the judgment is affirmed. Respondents are to recover their costs on appeal.  Their request for judicial notice of this court's opinion in *Chokatos v. Magnate Fund #1 LLC et al.* (Sept. 12, 2013, A137174, A137187 [nonpub. opn]) is denied, as the opinion is irrelevant to any issue properly before us.  (See *Mangini v. R.J. Reynolds Tobacco Co.* (1994) 7 Cal.4th 1057, 1063.) Their pro forma request for $24,837 in postjudgment fees and/or sanctions for pursuing a frivolous appeal is denied without prejudice to any right respondents may have to seek postjudgment fees in the trial court.

_____
Siggins, J.

We concur:

_____
Pollak, Acting P.J.

_____
Jenkins, J.