UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRY J. HAWKINS, | No. 14-55480 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-01406-L-BGS |
| v. | Southern District of California, San Diego |
| SIMPLEXGRINNELL, L.P., a Delaware corporation; TYCO INTERNATIONAL, INC., a Massachusetts corporation, | ORDER |
| Defendants - Appellees. | |

Before: REINHARDT, PAEZ, and M. SMITH, Circuit Judges.

The Memorandum filed on February 16, 2016 is amended as follows:

On page 6 of the Memorandum, insert a paragraph break after the sentence "The RIF selection criteria were subjective, and Hawkins argues that his supervisor artificially lowered Hawkins' ratings based on his age." After this paragraph break, insert the following: "SimplexGrinnell argues that the RIF was a legitimate, non-discriminatory reason for Hawkins' termination. However, Hawkins has raised triable issues of fact as to whether his selection for termination as part of the RIF was pretextual. As explained above, Hawkins introduced evidence that SimplexGrinnell failed to follow the procedure prescribed by the RIF and

selectively chose the RIF criteria it applied in order to target Hawkins for termination."

An Amended Memorandum is filed concurrently with this order.

With these amendments, the petition for panel rehearing is DENIED. No further petitions for rehearing shall be entertained.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRY J. HAWKINS, | No. 14-55480 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-01406-L-BGS |
| v. | |
| SIMPLEXGRINNELL, L.P., a Delaware corporation; TYCO INTERNATIONAL, INC., a Massachusetts corporation, | AMENDED MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, Senior District Judge, Presiding

Submitted February 3, 2016[**]
Pasadena, California

Before: REINHARDT, PAEZ, and M. SMITH, Circuit Judges.

Jerry Hawkins appeals the district court's grant of summary judgment in

favor of Defendants on his state law claims for breach of contract, breach of the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

covenant of good faith and fair dealing, age discrimination, perceived disability discrimination, retaliation, wrongful demotion, wrongful termination, and intentional infliction of emotional distress (IIED). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse in part.

We affirm the district court's grant of summary judgment on Hawkins' breach of contract and breach of covenant claims. Hawkins failed to raise a triable issue of material fact as to his at-will employment status. In light of the undisputed facts, the district court properly granted summary judgment on his breach of contract claim. Because a breach of the covenant of good faith and fair dealing can only arise when there is a valid express or implied contract between the parties, Hawkins' breach of covenant claim also fails. *See Liu v. Amway Corp.*, 347 F.3d 1125, 1138 (9th Cir. 2003).

We also affirm the district court's grant of summary judgment on Hawkins' disability discrimination claim under California's Fair Employment and Housing Act ("FEHA"). Cal. Gov't Code § 12940. FEHA makes it unlawful for an employer, on the basis of age or physical disability (among other protected characteristics), to

> refuse to hire or employ the person or to refuse to select the person for
> a training program leading to employment, or to bar or to discharge
> the person from employment or from a training program leading to
> employment, or to discriminate against the person in compensation or
> in terms, conditions, or privileges of employment.

Cal. Gov't Code § 12940(a). "California courts apply the Title VII [*McDonnell Douglas*[1]] framework to claims brought under FEHA." *Metoyer v. Chassman*, 504 F.3d 919, 941 (9th Cir. 2007). Hawkins failed to establish a prima facie case for disability discrimination. Hawkins' Hepatitis C was not a "physical disability" because it was asymptomatic and did not limit Hawkins in a major life activity, and Hawkins did not present evidence that his employers perceived him as being limited in a major life activity. *See Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1291 (9th Cir. 2001).

Hawkins also failed to raise a triable issue of fact that he had engaged in a protected activity sufficient to give rise to a FEHA Section 12940(h) retaliation claim. Hawkins acknowledges that he never complained about discrimination while he was employed by SimplexGrinnell. Although he complained about various actions by SimplexGrinnell management—the denial of a company truck, denial of training, demotion, and termination—there is no evidence in the record that SimplexGrinnell was on notice that Hawkins was expressing opposition to age-based or disability-based discrimination. Such generalized complaints are not protected activity under FEHA. *See Rope v. Auto-Chlor Sys. of Washington, Inc.*,

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

163 Cal. Rptr. 3d 392, 407–08 (Cal. Ct. App. 2013) (holding that to constitute protected activity, there must be "some degree of opposition to . . . the employer's conduct or practices based on the employee's reasonable belief that the employer's action or practice is unlawful.").

We reverse the district court's grant of summary judgment on Hawkins' age discrimination claim under FEHA. To establish a prima facie case of age discrimination, the plaintiff must generally provide evidence that

> (1) at the time of the adverse action he or she was 40 years of age or older, (2) an adverse employment action was taken against the employee, (3) at the time of the adverse action the employee was satisfactorily performing his or her job and (4) the employee was replaced in his position by a significantly younger person.

*Hersant v. Dep't of Soc. Servs.*, 67 Cal. Rptr. 2d 483, 486 (Cal. Ct. App. 1997) (footnote omitted). Hawkins clearly satisfies the first two criteria. He was a member of the protected class because he was over the age of 40 at all times relevant to this litigation, and he suffered an adverse employment action when he was terminated as part of a Reduction in Force ("RIF"). To establish the third element of a prima facie case, Hawkins must demonstrate that he was performing satisfactorily at the time of his termination. Between the time of Hawkins' demotion (early July 2010) and the RIF (March 2011), Hawkins did not have any further disciplinary issues. His final performance appraisal, on October 30, 2010,

4

indicated that he was generally performing satisfactorily, although his work needed improvement in two of the nine assessment categories. In the comments section, the evaluator wrote "Good work quality. NICETT II certification will be required for foreman bonus plan to be effectual in the second half of 2011. Is showing improvement in safety issues & concerns!" Viewed in the light most favorable to Hawkins, this evidence is sufficient to create a genuine issue of material fact as to whether he was performing satisfactorily at the time of his termination.

An employee is generally also required to show that he or she "was replaced in his [or her] position by a significantly younger person." *Id.* However, this formulation is not applicable to the facts of every case. *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 917 (9th Cir. 1996). The California Supreme Court has explained that "downsizing alone is not necessarily a sufficient explanation, under the FEHA, for the consequent dismissal of an age-protected worker." *Guz v. Bechtel Nat. Inc.*, 8 P.3d 1089, 1115 (Cal. 2000). Thus, to satisfy the fourth element of a prima facie case, Hawkins need only provide evidence that "some other circumstance suggests discriminatory motive." *Id.* at 1113. Discriminatory motive need not have been the "but for" cause of an adverse employment decision, so long as it was a "substantial motivating factor." *Harris v. City of Santa Monica*, 294 P.3d 49, 64–66 (Cal. 2013).

5

Hawkins has demonstrated a triable issue of fact regarding whether age was a substantial motivating factor in his termination. During his employment, SimplexGrinnell provided company trucks to younger employees who became eligible to receive them later than Hawkins, including one employee who was hired after Hawkins and another whose license had been suspended after a DUI. Hawkins had to complain to Human Resources before he was finally sent to a company training routinely provided to younger workers. In addition, Hawkins challenges the way in which the RIF was administered, explaining that SimplexGrinnell failed to include ratings for certifications and licenses that would have improved Hawkins' scores and that they ignored the RIF's direction that two supervisors independently rate each employee. The RIF selection criteria were subjective, and Hawkins argues that his supervisor artificially lowered Hawkins' ratings based on his age.

SimplexGrinnell argues that the RIF was a legitimate, non-discriminatory reason for Hawkins' termination. However, Hawkins has raised triable issues of fact as to whether his selection for termination as part of the RIF was pretextual. As explained above, Hawkins introduced evidence that SimplexGrinnell failed to follow the procedure prescribed by the RIF and selectively chose the RIF criteria it

6

applied in order to target Hawkins for termination. Hawkins has therefore established triable issues of material fact on his FEHA age discrimination claim.

We also reverse the district court's grant of summary judgment on Hawkins' common law wrongful discharge (*Tameny*) claim. *Tameny v. Atl. Richfield Co.*, 610 P.2d 1330 (Cal. 1980). Under California law, termination motivated by age discrimination can also give rise to a *Tameny* claim. *Stevenson v. Superior Court*, 941 P.2d 1157, 1158 (Cal. 1997). Because there are triable issues of material fact as to Hawkins' age discrimination claim under FEHA, we also reverse the district court's grant of summary judgment on Hawkins' *Tameny* claim.

Finally, we affirm the district court's grant of summary judgment on Hawkins' intentional infliction of emotional distress ("IIED") claim. Even if Hawkins' discharge was motivated by discrimination, Hawkins failed to provide evidence that he suffered extreme emotional distress, which is a required element of an IIED claim. *See McCoy v. Pac. Mar. Ass'n*, 156 Cal. Rptr. 3d 851, 862 (Cal. Ct. App. 2013).

**AFFIRMED in part, REVERSED in part, and REMANDED.**

The parties shall bear their own costs on appeal.

7