Filed 8/22/16  Dobbs v. Yuba Community College Dist. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| KEVIN DOBBS, | |
| Plaintiff and Appellant, | C074565 |
| v. | (Super. Ct. No. CVCV120000543) |
| YUBA COMMUNITY COLLEGE DISTRICT, | |
| Defendant and Respondent. | |

Kevin Dobbs, former Dean of Fine Arts and Language Arts at Yuba College, tried four times to adequately plead causes of action against his former employer, Yuba Community College District (District), for retaliation and age discrimination in violation of the Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900, et seq.).[1]  Each time, he failed to plead with requisite specificity facts supporting each element of these

---

[1]    Undesignated statutory references are to the Government Code.

statutory causes of action. His briefing on appeal presents another failure, as it inadequately or belatedly raises arguments in support of the statutory causes of action. We conclude Dobbs has failed to carry his appellate burden of demonstrating reversible error. The judgment is affirmed.

BACKGROUND

*Allegations of the Third Amended Complaint*

The following was alleged generally in the third amended complaint:

In September 2008, while employed as a dean with the District, Dobbs attended a campus meeting during which Al Alt, who was then the District's Director of Human Resources, "used age related epithets" and made "other threats" while engaging in unspecified conduct Dobbs claimed to amount to "assault and battery." Dobbs was "over 40 years old" at the time. Dobbs claimed to have "feared for his personal safety" during the incident and "promptly reported [the incident] through a formal administrative complaint to [District] Chancellor Nicky H[a]rrington," but the District "took no corrective action against Alt," who was later promoted to the position of Vice Chancellor. Dobbs also claimed to have suffered other "improper, tortious and, at times, unethical conduct" by Alt and other unspecified administrators employed by the District, adding that he "observed and experienced abusive, hostile conduct to himself and other older administrators, faculty and staff" that Dobbs also reported to the District. Dobbs provided no details of these alleged other occasions of "hostile/abusive/tortious conduct."

Dobbs claimed his reporting of the foregoing conduct amounted to "protected activity," for which he was "retaliated against" by being "placed on a 'layoff list' by Alt" in "early 2010." After Dobbs participated in the first day of an administrative hearing regarding the propriety of the proposed layoffs, the District excluded him from further

2

participation in the hearing by claiming to have removed him from the list, but nevertheless terminated his employment on July 1, 2010. Dobbs also claimed to have "further protested said conduct" by "contacting" the Department of Fair Employment and Housing (DFEH) and the labor commissioner's office prior to his termination, which he also asserted "were protected activities which then resulted in [his] termination." Dobbs further claimed he was entitled "to 'bump down' to a teaching position" under Education Code section 87458, rather than have his employment terminated, and "he knew such vacancy(ies) existed."

The general allegations also alleged Dobbs filed a complaint against the District for retaliation and age discrimination with the DFEH on or about July 17, 2010, "within one year of the last discriminatory/harassing action," and was notified by DFEH of his "'right to sue'" on the same date.

The following was then alleged in support of each specific cause of action:

Dobbs's first cause of action against the District was for retaliation in violation of the FEHA. After incorporating the foregoing general allegations, Dobbs added: "[The District] retaliated against [him] for participating in the protected activity of reporting Alt's criminal/tortious conduct of committing assault and battery against [him] on September 25, 2008. After reporting said conduct, [Dobbs] was wrongfully placed on a layoff list, deprived of his [administrative] due process hearing rights, denied his Education Code [section] 87458 [rights] and was ultimately terminated by [the District] on July 1, 2010."

Dobbs's second cause of action was for age discrimination, also in violation of the FEHA. After again incorporating the general allegations, Dobbs alleged each of the allegedly retaliatory actions taken by the District was also done "with the intent of discriminating against and harassing [Dobbs] on account of his age." Dobbs alleged he

3

was terminated "despite his exemplary performance, more senior status and more extensive experience," while "younger, less experience[d], less qualified faculty and administrators" were retained. Dobbs then listed three younger administrators, including Alt, and five younger faculty members. He also claimed to have complained to Chancellor Harrington and other senior administrators, between April and June 2010, "that he had been discriminated against/treated in a disparate manner due to his age" because "said younger, less qualified peers" were not being considered for termination, had not been assaulted by Alt, and were not being denied their statutory "'bump down' rights." These complaints caused the District's administrators, "particularly Alt," to treat Dobbs "in a more insolent manner" that included comments made by Alt "disparaging [Dobbs] concerning [his] age" and continued until Dobbs was terminated.

### *Proceedings Leading to this Appeal*

Dobbs's original complaint was filed on July 15, 2011. It combined the retaliation and age discrimination causes of action into a single cause of action and contained far fewer factual allegations. The District filed a demurrer, arguing the complaint did not plead sufficient facts supporting these causes of action, that was not ruled upon because Dobbs filed an amended complaint. The amended complaint also contained very few factual allegations and also combined the two causes of action into a single cause of action. The District filed a second demurrer on the same grounds that was sustained with leave to amend.

Dobbs then filed a second amended complaint, again combining the two causes of action, and containing slightly more factual allegations, including the fact the alleged assault and battery committed by Alt occurred in September 2008. The District filed a third demurrer on the same grounds. In connection with this third demurrer, the District requested the trial court to take judicial notice of, among other things, a resolution issued

by the District's governing board during a March 3, 2010 meeting that released Dobbs from his employment with the District effective June 30, 2010, and a March 12, 2010 letter notifying Dobbs of the District's action. This request for judicial notice, which was not opposed, was granted and the third demurrer was also sustained. In sustaining the third demurrer, the trial court noted combining the two causes of action into one was improper, and further ruled: "[Dobbs] continues to fail to allege specific facts to support each of the elements of either of the causes of action purported to be included in his complaint. In particular, as to the age discrimination claim[,] he has not alleged that he was replaced by a younger person nor has he alleged sufficient facts to show discriminatory motive or intentional discrimination based upon his age. As to the retaliation claim[,] he has failed to plead facts that he engaged in FEHA 'protected activity[]' nor has he pled facts establishing any causal link." The trial court also noted Dobbs's counsel represented at the hearing on the demurrer that "he knew of additional facts that could be pled to support [Dobbs's] claims and requested one more opportunity to amend the complaint," which was granted.

Dobbs's third amended complaint was filed in April 2013—nearly two years after the original complaint was filed, more than three years after Dobbs's employment with the District was terminated, and more than four years after the alleged "assault and battery" that led to Dobbs's complaints to senior administrators and the District's alleged retaliation against him. This complaint divided the causes of action and contained the factual allegations set forth above.

The District again, for the fourth time, filed a demurrer. This demurrer argued: (1) Dobbs's lawsuit was barred by the statute of limitations because the administrative complaint filed with DFEH was not filed within one year of the alleged "assault and battery," and Dobbs did not plead facts establishing application of the "continuing

5

violation" doctrine with sufficient specificity; (2) Dobbs, again, failed to plead facts supporting his retaliation cause of action because he did not plead any facts establishing (a) he was engaged in "protected activity" under the FEHA, and (b) the existence of a causal link between such activity and any adverse employment actions taken by the District; and (3) Dobbs further failed to plead facts supporting his age discrimination cause of action because he did not plead any facts establishing (a) he was replaced in his position by a significantly younger person, or (b) any discriminatory motive on the part of the District.

The District again requested, again without opposition, that the trial court take judicial notice of certain documents, including the March 2010 Board resolution releasing Dobbs from his employment with the District, and also including certain requests for admissions propounded by the District and Dobbs's verified responses to these requests for admissions. The District argued in the demurrer that because the District decided to terminate Dobbs's employment in March 2010, it was "logically impossible" for Dobbs's alleged complaints to senior administrators between April and June 2010 to have caused his termination. The District further argued Dobbs's responses to requests for admissions conclusively established the falsity of his allegations that vacant first-year faculty positions existed at the time his employment was terminated.

The trial court sustained the demurrer "on all grounds raised, without leave to amend," and entered judgment in favor of the District.[2] Dobbs filed a timely notice of appeal.

---

[2]     The order sustaining the demurrer does not indicate whether or not the trial court granted the District's request for judicial notice. However, the record on appeal does not contain a reporter's transcript of the hearing on the demurrer. Because Dobbs does not claim on appeal that the trial court did not grant the judicial notice request during that hearing, and because he specifically refers to the March 2010 notice informing him of the

6

DISCUSSION

## I

### *Standard of Review*

"In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules. 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

## II

### *Sufficiency of the Complaint to State Causes of Action under the FEHA*

Dobbs contends the trial court erred in sustaining the District's fourth demurrer without leave to amend, but complains, "[i]t is impossible to specify the trial court's error, or basis for the trial court's error, as the trial court provided no guidance as to its basis for decision." This is disingenuous. As our recitation of the procedural facts demonstrates, the trial court sustained the District's third demurrer on the basis of

District's decision to terminate his employment effective June 30, 2010 in his appellate briefing, we presume the trial court granted the District's judicial notice request during the hearing.

7

Dobbs's continuing failure to adequately plead causes of action for retaliation and age discrimination under the FEHA. Specifically, the trial court explained, "as to the age discrimination claim[,] he has not alleged that he was replaced by a younger person nor has he alleged sufficient facts to show discriminatory motive or intentional discrimination based upon his age. As to the retaliation claim[,] he has failed to plead facts that he engaged in FEHA 'protected activity[]' nor has he pled facts establishing any causal link." Thus, Dobbs's objective in filing the third amended complaint should have been to remedy these specific defects. The District's fourth demurrer again raised each of these defects as grounds for demurrer, and included a new ground, the statute of limitations. The trial court sustained this demurrer "*on all grounds raised*, without leave to amend." (Italics added.) Accordingly, the trial court sustained the fourth demurrer on the basis of Dobbs's failure, once again, to adequately plead causes of action for retaliation and age discrimination under the FEHA, and also on the basis of Dobbs's failure to plead facts establishing compliance with the statute of limitations. Because we can affirm on the first such basis alone, we need not address the statute of limitations issue.

## A.

### *First Cause of Action for Retaliation*

The FEHA "makes it unlawful '[f]or any employer . . . or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under [the FEHA] or because the person has filed a complaint, testified, or assisted in any proceeding under [the FEHA].' (§ 12940, subd. (h).)" (*Steele v. Youthful Offender Parole Bd.* (2008) 162 Cal.App.4th 1241, 1252.) "[I]n order to establish a prima facie case of retaliation under the FEHA, a plaintiff must show (1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity

8

and the employer's action. [Citations.]" (*Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1042.)

Because this cause of action is "founded on the provisions of [the] FEHA and [is] based exclusively on that statutory scheme since [the] FEHA is not a codification of preexisting common law[,] we apply the general rule that facts in support of each of the requirements of a statute upon which a cause of action is based must be specifically pled. [Citation.]" (*Fisher v. San Pedro Peninsula Hosp.* (1989) 214 Cal.App.3d 590, 604.)

The opening brief quotes three paragraphs of the third amended complaint in their entirety before providing this four-sentence argument regarding the "protected activity" requirement: "[Dobbs] complained of [the District's], particularly [Alt's], criminal, discriminatory and harassing conduct [citing paragraph 8 of the Third Amended Complaint]. Said complaints by [Dobbs] constitute 'protected conduct[.]' [Dobbs] first reported said conduct internally, personally, to Chancellor Nicki Harrington as well as making a formal [District] Complaint. [Dobbs] also complained externally, to the California Labor Commissioner's Office as well as DFEH. [Citing paragraphs 8-10 of the third amended complaint.]" No legal authority is provided explaining what is required in order to properly plead this essential element of a retaliation cause of action under the FEHA. This is insufficient.

"'The most fundamental rule of appellate review is that an appealed judgment or order is *presumed to be correct*.' [Citation.] It is the appellant who bears the burden of overcoming that presumption. [Citation.]" (*State Water Resources Control Bd. Cases* (2006) 136 Cal.App.4th 674, 836, italics added.) Moreover, when a point urged on appeal is not supported by "reasoned argument and citations to authority, the court may deem it to be forfeited, and pass it without consideration." (*AmeriGas Propane, LP v.*

9

*Landstar Ranger, Inc.* (2010) 184 Cal.App.4th 981, 1001, fn. 4, citing *People v. Stanley* (1995) 10 Cal.4th 764, 793; see also *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785.)

Whether viewed as a forfeiture of the argument that Dobbs adequately pled the "protected activity" element of his retaliation cause of action, or as a failure to carry his burden of persuasion on appeal, the result is the same. And even if we were to assume the "protected activity" requirement was adequately pled, Dobbs's opening brief contains *no argument* regarding the "causal link" requirement. Again, Dobbs has the burden of demonstrating reversible error on appeal. Where the trial court based its ruling sustaining the District's demurrer on the determination that Dobbs failed to adequately plead the necessary elements of his retaliation cause of action, one of which being the requirement of a causal link between the protected activity and the employer's adverse employment action, he cannot "overcome the presumption of correctness by ignoring that issue in [his] opening brief[]." (*State Water Resources Control Bd. Cases*, *supra*, 136 Cal.App.4th at p. 836.)

Nevertheless, in Dobbs's reply brief, he argues he "did not need to 'argue' causal link" in his opening brief because, on appeal from the trial court's order sustaining the District's demurrer without leave to amend, he was only "required to show that he did (or can through an amendment) plead a causal link." He then goes on to argue, for the first time in the reply brief, such a causal link "can be shown by proximity in time between the protected activity and the adverse employment action," citing *Loggins v. Kaiser Permanente* (2007) 151 Cal.App.4th 1102, and claims the third amended complaint "clearly shows a continuing/increasing pattern of retaliatory conduct from the time of [Dobbs's] initial reporting of the September 2008 incident, through his reporting of said incident both internally and through DFEH and the Labor Commissioner, through

10

improper inclusion on the layoff list, through denial of full participation in the [administrative] proceedings to termination and denial of Education Code section 87458 'bump down' rights in July of 2010."

First, even accepting Dobbs's framing of what he was required to show regarding the causal link element, he does not claim to have done so in the opening brief. Second, the argument advanced in the reply brief is too late. "Generally, we will not consider points raised for the first time in an appellant's reply brief, unless good reason is shown for the failure to present them earlier. [Citation.] '"Obvious considerations of fairness in argument demand that the appellant present all of his [or her] points in the opening brief. To withhold a point until the closing brief would deprive the respondent of his [or her] opportunity to answer it or require the effort and delay of an additional brief by permission."' [Citation.]" (*State Water Resources Control Bd. Cases*, *supra*, 136 Cal.App.4th at pp. 835-836.) Because Dobbs has provided no good reason for not presenting this argument in his opening brief, the argument is forfeited.

As to Dobbs's first cause of action for retaliation under the FEHA, we conclude he has failed to carry his appellate burden of demonstrating the trial court erred in sustaining the District's demurrer.

**B.**

*Second Cause of Action for Age Discrimination*

The FEHA also makes it unlawful "[f]or an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a

11

training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment." (§ 12940, subd. (a).)

In order to establish a prima facie case of discrimination under the FEHA, a plaintiff must show "(1) he [or she] was a member of a protected class, (2) he [or she] was qualified for the position he [or she] sought or was performing competently in the position he [or she] held, (3) he [or she] suffered an adverse employment action, such as termination, demotion, or denial of an available job, and (4) some other circumstance suggests discriminatory motive." (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 355.) With respect to claims for age discrimination specifically, membership in the protected class is shown if the plaintiff was 40 years of age or older at the time of the adverse employment action; discriminatory motive may be shown where the employee was replaced in his or her position by a significantly younger person. (*Hersant v. Department of Social Services* (1997) 57 Cal.App.4th 997, 1003.)

Again, because this cause of action is based exclusively on the FEHA, each of the foregoing requirements must be specifically pled. (*Fisher v. San Pedro Peninsula Hosp.*, *supra*, 214 Cal.App.3d at p. 604.)

Dobbs's opening brief employs the same minimalist strategy in arguing his third amended complaint adequately pleads a cause of action for age discrimination. After setting forth three paragraphs of the complaint verbatim, Dobbs states these paragraphs "provide the factual basis, reciting conduct by [District] administrators leading to [his] ultimately being terminated." Dobbs then states he "has [pled] specific acts, but due to their constant, continuing nature, [he] can not enumerate them in toto," and "[he] should not be penalized because [the District's], particularly Alt's, course of conduct was so extended and pervasive that it can not be fully specifically delineated."

12

Dobbs then argues four allegations adequately establish his cause of action: (1) "Alt assaulted and battered [him], younger employees were not assaulted or battered"; (2) "[the District] incorrectly placed [him] on a layoff list, stating [he] was included as he was the 'least senior administrator,' which was not true," there being "three . . . younger, less qualified administrators who were retained"; (3) "[the District] denied [him] his . . . bump down rights, despite the fact that younger/less qualified faculty were retained," five of whom were listed in the complaint; and (4) "[Dobbs] was denied participation in the April 22, 2010 [administrative] hearing regarding the propriety of the [District's] layoffs."

The foregoing allegations do not correspond to the elements of an age discrimination cause of action. With respect to the "discriminatory motive" element, Dobbs acknowledges he did not allege he was replaced in his position by a younger person, but argues that is "not the only way to make such a showing," citing two cases for that proposition, and further arguing the element of discriminatory motive may be proved by either direct or circumstantial evidence.

While this argument at least contains citations to authority, we conclude it is insufficient to adequately present the issue. Adequate briefing requires both "reasoned argument *and* citations to authority." (*AmeriGas Propane, LP v. Landstar Ranger, Inc.*, *supra*, 184 Cal.App.4th at p. 1001, fn. 4, italics added.) Merely citing two cases standing for the general proposition that replacement by a younger person is not the only way to prove discriminatory intent, and then citing the standard jury instruction regarding the use of circumstantial evidence to prove a fact at trial, does not amount to reasoned argument. Judgment in this case was entered after the trial court sustained the District's fourth demurrer without leave to amend, *before any evidence was presented at trial*. Accordingly, in order to carry his burden on appeal, Dobbs was required to demonstrate

13

the allegations of his complaint established a prima facie cause of action for age discrimination. Arguing he would have been able to prove discriminatory intent by use of circumstantial evidence *at trial* is not a reasoned argument in support of reversing the trial court's ruling *on the demurrer*. Moreover, verbatim recitation of the allegations of the complaint, with a conclusory statement these allegations "provide the factual basis" for the cause of action is likewise insufficient.

As to Dobbs's second cause of action for age discrimination under the FEHA, we conclude he has failed to carry his appellate burden of demonstrating the trial court erred in sustaining the District's demurrer.

### III

### *Denial of Further Leave to Amend*

Dobbs's opening brief presents no argument regarding the trial court's decision to deny further leave to amend. After this omission was brought to his attention by the District in its respondent's brief, Dobbs argued in the reply brief that we have the "inherent power to remand this matter to the trial court" and he had "no need" to argue that we have such power in the opening brief. This argument is twice forfeited.

First, a plaintiff forfeits any further leave to amend by failing to request it in the trial court. (*Reynolds v. Bement* (2005) 36 Cal.4th 1075, 1091, abrogated on another point by *Martinez v. Combs* (2010) 49 Cal.4th 35, 62-66.) Dobbs's opposition to the District's fourth demurrer does not request leave to amend. Nor is there any indication in the record that Dobbs requested leave to amend at the hearing on the fourth demurrer. Second, as previously explained, Dobbs has the burden on appeal of demonstrating reversible error. In the context of challenging the trial court's decision to deny further leave to amend, this means Dobbs has "the burden of proving a reasonable possibility exists that [his] complaint's defects can be cured by amendment . . . ." (*Reynolds* at p.

14

1091.)  This must be done in the opening brief unless there is good reason to withhold the argument until the reply brief.  (See, generally, *State Water Resources Control Bd. Cases*, *supra*, 136 Cal.App.4th at pp. 836-837.)  Here, there is no argument regarding leave to amend in the opening brief, the reply brief contains no good reason for withholding such an argument, and the argument belatedly raised in the reply brief does not even attempt to satisfy the burden of demonstrating a reasonable possibility exists that the complaint's defects can be cured by amendment.

## DISPOSITION

The judgment is affirmed.  Yuba Community College District is entitled to costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)


|                    /s/                    |
| HOCH, J. |


We concur:



|          /s/          |
| HULL, Acting P. J. |



|          /s/          |
| BUTZ, J. |

15