**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BECKY NGUYEN, | No. 17-17027 |
| Plaintiff-Appellant, | D.C. No. 5:16-cv-03780-NC |
| v. | |
| LOCKHEED MARTIN CORPORATION, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding[**]

Submitted February 13, 2018[***]

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Becky Nguyen appeals pro se from the district court's summary judgment

in her diversity action alleging age and disability discrimination claims under the

California Fair Employment and Housing ("FEHA").  We have jurisdiction under

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo. *Deppe v. United Airlines*, 217 F.3d 1262, 1264 (9th Cir. 2000). We affirm.

The district court properly granted summary judgment because Nguyen failed to raise a genuine dispute of material fact as to whether defendant's non-discriminatory reason for laying her off was pretextual. *See Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1113-14, 1118-19 (Cal. 2000) (setting forth burden-shifting framework for analyzing claims of discrimination under the FEHA and noting that summary judgment for the employer is appropriate where, given the strength of the employer's legitimate reasons, any countervailing circumstantial evidence is too weak to raise a rational inference that discrimination occurred); *see also Hersant v. Cal. Dep't of Soc. Servs.*, 67 Cal. Rptr. 2d 483, 487 (Ct. App. 1997) ("[T]he ultimate issue [is] not whether the employer offered an unbelievable explanation for the adverse action but whether the employer acted for a discriminatory reason.").

We do not consider arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**