NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NANCI WILLIAMS,

      Plaintiff-Appellant,

v.

UNITED AIRLINES, INC.,

      Defendant-Appellee.

No.   19-16440

DC No. 3:18-cv-00881-JCS

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding

Submitted November 18, 2020[**]
San Francisco, California

Before: TASHIMA, NGUYEN, and HURWITZ, Circuit Judges.

Plaintiff-Appellant Nanci Williams ("Williams") appeals the judgment in

favor of Defendant-Appellee United Airlines, Inc. ("United") on her claims under

the California Fair Employment and Housing Act ("FEHA") and related state laws.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

We have jurisdiction under 28 U.S.C. § 1291, we review de novo a grant of summary judgment, *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 665 (9th Cir. 2003), and we affirm.

1.      FEHA makes it unlawful for an employer to discharge an employee "because of" physical disability.  Cal. Gov't Code § 12940(a).  "To establish a prima facie case of physical disability discrimination under FEHA, the employee must demonstrate that he or she is disabled, is otherwise qualified to do the job, and was subjected to an adverse employment action because of such disability." *Furtado v. State Pers. Bd.*, 151 Cal. Rptr. 3d 292, 303 (Ct. App. 2013).  "If the employee meets this burden, it is then incumbent on the employer to show that it had a legitimate, nondiscriminatory reason for its employment decision." *Id.* "When this showing is made, the burden shifts back to the employee to produce substantial evidence that [the] employer's given reason was either 'untrue or pretextual,' or that the employer acted with discriminatory animus, in order to raise an inference of discrimination." *Id.* (quoting *Hersant v. Dep't of Soc. Servs.*, 67 Cal. Rptr. 2d 483, 488 (Ct. App. 1997)).

The district court properly concluded that Williams failed to establish a prima facie case.  There was evidence from which a reasonable jury could conclude that Williams was discharged because she and her pass riders disrupted

2

and delayed a United flight. There was also evidence from which a reasonable jury could find that Williams was discharged because she was dishonest about her medical limitations. There was no evidence, however, from which a reasonable jury could find that Williams was discharged because of disability. Williams's comparative evidence is insufficient to raise an inference of discrimination because the flight attendants she points to did not "display similar conduct." *Gupta v. Trs. of Cal. State Univ.*, 253 Cal. Rptr. 3d 277, 285 (Ct. App. 2019) (quoting *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003) (as amended)). Williams therefore did not establish a prima facie case.

Even assuming that Williams established a prima facie case, the district court properly concluded that United articulated a legitimate, nondiscriminatory reason for the discharge—the flight disruption and delay caused by Williams and her guests. Williams's argument that the discharge was contrary to California law, and thus that United failed to offer a *legitimate* reason for the discharge, is not well taken. There is no evidence in the record to suggest that Williams was discharged "because of [her] status as a victim of domestic violence." Cal. Lab. Code § 230(e).

Finally, even if Williams established a prima facie case, she has not adduced evidence of pretext. As noted, Williams did not offer evidence from which a reasonable jury could find that United discharged her because of disability.

2. FEHA makes it unlawful for an employer "to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations," Cal. Gov't Code § 12940(n), and "to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee," *id.* § 12940(m)(1). Williams contends that United violated these provisions by (1) failing to contact her treating physician to determine whether her vacation travel comported with her medical restrictions, and (2) refusing to accept a letter from her physician during her disciplinary hearing. Williams, however, did not present these arguments in her opposition to United's motion for summary judgment. We therefore decline to consider them. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("As a general rule, we will not consider arguments that are raised for the first time on appeal.").

3. As Williams concedes, her claims for wrongful termination in violation of public policy, *see City of Moorpark v. Super. Ct.*, 959 P.2d 752, 763 (Cal. 1998), and for failure to prevent discrimination, *see* Cal. Gov't Code §

12940(k), are derivative of the above claims. The district court therefore properly granted summary judgment to United on these claims.

**AFFIRMED.**