Filed 12/9/20  Macias v. Southern California Permanente Medical etc. CA2/4
# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
## SECOND APPELLATE DISTRICT
## DIVISION FOUR

| | |
|---|---|
| VANESSA MACIAS et al., | B294192 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. LC104945) |
| v. | |
| SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Virginia C. Keeny, Judge. Affirmed.

Workplace Advocates, Barbara E. Cowan, for Plaintiffs and Appellants.

Nixon Peabody, Michael R. Lindsay, Alicia C. Anderson, and Mae K. Hau for Defendant and Respondent.

1

# INTRODUCTION

Plaintiffs and appellants Vanessa Macias and Evelyn Burgos (Plaintiffs) appeal from the trial court's grant of summary judgment in favor of Southern California Permanente Medical Group (SCPMG) on their action for whistleblower retaliation under Labor Code section 1102.5[1], wrongful termination, and violation of Business and Professions Code section 17200.

Plaintiffs' second amended complaint alleged SCPMG terminated their employment because they complained to their supervisor that SCPMG was illegally recording phone calls with patients. SCPMG moved for summary judgment on several alternative grounds, including: Plaintiffs could not establish the essential elements of their claims; Plaintiffs' claims for retaliation based on complaints to their union representative were preempted by the National Labor Relations Act ("NLRA") (29 U.S.C. §§ 151 et seq.); and collateral estoppel precluded Plaintiffs from relitigating issues already decided by the National Labor Relations Board ("NLRB"). The trial court granted summary judgment for SCPMG, holding Plaintiffs' complaints to their union representative were not protected under section 1102.5, and, in any event, Plaintiffs failed to establish the reason for their termination (gross misconduct) was pretextual.

We conclude the trial court properly entered summary judgment in favor of SCPMG because SCPMG presented undisputed evidence of a legitimate, non-retaliatory reason for the termination, and Plaintiffs failed to produce evidence creating a triable issue of fact that SCPMG's reason for the termination was pretextual. We therefore need not address SCPMG's cross-appeal advancing alternative grounds for summary judgment.

---

1      All further undesignated statutory references are to the Labor Code.

2

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs worked for SCPMG as full-time Health Educators. As Health Educators, they provided "wellness coaching" sessions over the telephone with patients on issues such as weight management, tobacco cessation, healthier eating, increasing physical activity, and stress management.

In early 2014, SCPMG initiated a policy to record wellness coaching sessions between Health Educators and patients. Plaintiffs complained to their union representative, David Mallon, that SCPMG unilaterally implemented the policy without bargaining with the union, and SCPMG could not record patients without their consent. Mr. Mallon reported Plaintiffs' concerns to Plaintiffs' supervisor, Myriam Cabello.

In July 2014, after receiving an anonymous complaint that Plaintiffs were leaving well before the end of their shifts, SCPMG conducted an investigation. SCPMG interviewed Plaintiffs, and reviewed their appointment schedules, entry/exit logs, and telephonic logs of their appointments. On July 31, 2014, SCPMG placed Plaintiffs on paid administrative leave pending the conclusion of the investigation. On August 25, 2014, SPCMG terminated their employment for gross misconduct. Their termination letters stated Plaintiffs were calling patients hours before their scheduled appointment times, documenting in the patient records that the patients were not available, and cancelling patients' appointments when they did not answer the phone. On almost all of these occasions, Plaintiffs left work much earlier than scheduled—before their last appointment time and before the scheduled end of their work shift.

Plaintiffs' second amended complaint alleged: (1) violation of Labor Code section 1102.5; (2) wrongful termination in violation of public policy; and (3) violation of Business and Professions Code section 17200. SCPMG moved for summary judgment, asserting Plaintiffs' claims were preempted by the

3

NLRA and Plaintiffs were collaterally estopped from relitigating issues already decided by the NLRB.[2] Alternatively, SCPMG argued Plaintiffs' claims failed as a matter of law because they could not establish the elements of their claims. In opposition, Plaintiffs contended the action was not preempted by the NLRA because the conduct at issue was not protected or prohibited by the NLRA; the doctrine of collateral estoppel did not apply because the NLRB acted in an administrative capacity; and Plaintiffs made a prima facie case for retaliation because they demonstrated they complained before SCPMG placed Plaintiffs on administrative leave.

The trial court held the action was not preempted, and the doctrine of collateral estoppel was inapplicable. It granted summary judgment, however, on the ground that Plaintiffs' claims failed as a matter of law. Regarding Plaintiffs' section 1102.5 claim, the court stated "[t]he plain language of the statute does not permit the construction plaintiffs seek to impose on it, namely that complaining to a co-worker is the equivalent of complaining to a supervisor, where the co-worker carries the complaint to the supervisor." The court further held Plaintiffs' wrongful termination claim failed because Plaintiffs "present no evidence from which a trier of fact could conclude that the grounds given by SCPMG for the termination decision were pretextual, other than that the decision took place after their supervisor learned of their complaint." The trial court also dismissed Plaintiffs' claim under Business and Professions Code section 17200 because it was derivative of their section 1102.5 claim. The court entered judgment in favor of SCPMG.

_____

2      After Plaintiffs were terminated, their union filed an unfair labor practice charge with the NLRB on their behalf, alleging SCPMG retaliated against them for engaging in union activity by exaggerating minor workplace errors and terminating their employment with forged evidence. The NLRB Regional Director dismissed the charge.

Plaintiffs filed a motion for reconsideration, arguing the trial court misunderstood Mr. Mallon's employment status (i.e., that he is an employee of SCPMG). In support of their motion, Plaintiffs submitted a declaration from Mr. Mallon stating he was employed by SCPMG and acted as a union representative. The trial court denied the motion, stating "the court didn't assume that Mallon was an employee of the union. The court's opinion in granting summary judgment was premised on the understanding that he was an employee of the hospital but also the union representative [¶] . . . . [¶]But, ultimately, I concluded that the requirement that the complaint be made to a supervisor or a person with authority to investigate, discover, or correct the violation meant a person given that authority by the employer."

Plaintiffs appeal, and SCPMG cross-appeals, from the judgment.

## DISCUSSION

### I.    Standard of Review

"A party is entitled to summary judgment only if there is no triable issue of material fact and the party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) A defendant moving for summary judgment must show that one or more elements of the plaintiff's cause of action cannot be established or that there is a complete defense. (*Id.*, subd. (p)(2).) If the defendant meets this burden, the burden shifts to the plaintiff to present evidence creating a triable issue of material fact. (*Ibid.*) A triable issue of fact exists if the evidence would allow a reasonable trier of fact to find the fact in favor of the party opposing summary judgment. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850 [citation.])

"We review the trial court's ruling on a summary judgment motion de novo, liberally construe the evidence in favor of the party opposing the motion, and resolve all doubts concerning the

5

evidence in favor of the opponent. (*Miller v. Department of Corrections* (2005) 36 Cal.4th 446, 460 [citation.]) We must affirm a summary judgment if it is correct on any of the grounds asserted in the trial court, regardless of the trial court's stated reasons. [Citation.]" (*Grebing v. 24 Hour Fitness USA, Inc.* (2015) 234 Cal.App.4th 631, 636-637.)

## II.    Governing Legal Principals on Retaliation Claims

Macias and Burgos  brought two claims for retaliation: whistleblower retaliation under section 1102.5 and wrongful termination in violation of public policy.

Section 1102.5, subdivision (b) prohibits retaliation against employees who engage in whistleblowing: "[a]n employer . . . shall not retaliate against an employee for disclosing information . . . to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance . . . if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with local, state, or federal rule or regulation[.]" To establish a prima facie case of retaliatory discharge under section 1102.5, a plaintiff must show that "'(1) she engaged in a protected activity, (2) her employer subjected her to an adverse employment action, and (3) there is a causal link between the two.' [Citation.]" (*McVeigh v. Recology San Francisco* (2013) 213 Cal.App.4th 443, 468.)

"The elements of a claim for wrongful discharge in violation of public policy are (1) an employer-employee relationship, (2) the employer terminated the plaintiff's employment, (3) the termination was substantially motivated by a violation of public policy, and (4) the discharge caused the plaintiff harm. [Citation.]" (*Yau v. Allen* (2014) 229 Cal.App.4th 144, 154.)

6

"When a plaintiff alleges retaliatory employment termination either as a claim under [section 1102.5] or as a claim for wrongful termination in violation of public policy," California courts apply "the three-step burden-shifting analysis" set forth in *McDonnell Douglas Corp. v. Green* (1973) 411 U.S. 792 [93 S.Ct. 1817, 36 L.Ed.2d 668] (*McDonnell Douglas*). (*Loggins v. Kaiser Permanente Internat.* (2007) 151 Cal.App.4th 1102, 1108-1109 [retaliatory termination in violation of public policy]; *Akers v. County of San Diego* (2002) 95 Cal.App.4th 1441, 1453 [section 1102.5].) "Once an employee establishes a prima facie case [of retaliation], the employer is required to offer a legitimate, nonretaliatory reason for the adverse employment action. [Citation.] If the employer produces a legitimate reason for the adverse employment action, the presumption of retaliation 'drops out of the picture,' and the burden shifts back to the employee to prove intentional retaliation. [Citation.]" (*Akers v. County of San Diego*, *supra*, 95 Cal.App.4th at p. 1453.)[3]

---

3    Plaintiffs contend section 1102.6 requires the employer to prove a legitimate, non-retaliatory reason for termination under a heightened clear-and-convincing standard. We disagree. Section 1102.6 provides that "once it has been demonstrated by a preponderance of the evidence that an activity proscribed by Section 1102.5 was a contributing factor in the alleged prohibited action against the employee, the employer shall have the burden of proof to demonstrate by clear and convincing evidence that the alleged action would have occurred for legitimate, independent reasons even if the employee had not engaged in activities protected by section 1102.5." (§ 1102.6.) Section 1102.6 thus describes the employer's burden of proving a same-decision affirmative defense. (See *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203, 239 [section 1102.6 "requires the employer to prove a same-decision defense by clear and convincing evidence . . ."].) It only applies once the employee has proven by a preponderance of the evidence that retaliation was a contributing factor in the adverse action, and the employer asserts it would have made the same decision in the absence of the proven

## III. SCPMG Is Entitled to Summary Adjudication of Plaintiffs' Retaliation Claims

In their causes of action for retaliation in violation of section 1102.5 and wrongful termination, Plaintiffs contend they were terminated because they complained to their supervisor about SCPMG's policy of recording calls between health educators and patients without patients' consent.

As noted above, to establish a prima facie case under section 1102.5, Plaintiffs must demonstrate their complaints were made "to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance[.]" (§ 1102.5, subd.(b).) It is undisputed Plaintiffs complained to their union representative, David Mallon, who then reported their concerns to Plaintiffs' supervisor, Myriam Cabello.

Plaintiffs allege their complaints were made directly to a person with authority because Mr. Mallon is a supervisor. That contention, however, is not supported by the evidence.[4] And, on appeal, the parties do not address whether an indirect complaint to a supervisor (i.e., a complaint to a union representative that is then conveyed to a supervisor) constitutes protected activity under section 1102.5. In any event, we need not resolve that issue in this case because, even assuming Plaintiffs' complaints

_____

retaliation. Thus, the clear-and-convincing standard set forth in section 1102.6 is not applicable to the *McDonnell-Douglas* burden-shifting analysis.

4      Plaintiffs repeatedly refer to Mr. Mallon in their Opening Brief as "Supervisor David Mallon," followed either by no citation to the record or, in some instances, a cite to Mallon's declaration submitted in support of Plaintiffs' motion for reconsideration. But Mallon does not declare he was a supervisor; he declares only that he was "an employee of SCPMG" when "Ms. Macias and Ms. Burgos brought their complaints to [him]."

qualified as protected activity under section 1102.5, as discussed below, there is no triable issue of fact that Plaintiffs were terminated for a legitimate, non-retaliatory reason.[5]

In support of its motion for summary judgment, SCPMG submitted the letters it provided to Plaintiffs when it terminated their employment. The letters informed Plaintiffs they were being terminated because SCPMG's investigation uncovered "gross misconduct involving dishonesty," including consistently calling patients well before their scheduled appointment times and cancelling their appointments when they did not answer their phone, leaving work long before the end of their shifts, failing to monitor patients on drugs, and falsification of records.[6] Thus, SCPMG met its burden of presenting evidence of a legitimate, nonretaliatory reason for Plaintiffs' termination. (See *Wills v. Superior Court* (2011) 195 Cal.App.4th 143, 160 [the

---

5     Plaintiffs also claim, without any evidentiary support, that Macias sent a three-page letter on August 11, 2014 to a SCPMG Senior Human Resources Consultant reporting illegal activity. Plaintiffs' opposition to SCPMG's summary judgment motion cites to "Plaintiff Fact No. 18," but "Plaintiff Fact No. 18" does not exist. Plaintiffs failed to submit the purported letter in opposition to SCPMG's motion; nor do Plaintiffs provide deposition testimony (or even their own declarations) regarding the alleged complaint. Plaintiffs' unsupported assertion in their opposition papers does not constitute evidence. (*Parsons v. Crown Disposal Co.* (1997) 15 Cal.4th 456, 463, fn. 2.)

6     Plaintiffs objected to the admissibility of the termination letters on grounds of hearsay, lack of foundation, and "misstates exhibit and/or testimony." The trial court overruled Plaintiffs' evidentiary objections. Plaintiffs did not contend the trial court erred in overruling their objection, however, until their appellate reply brief. Thus, they have forfeited the argument. (*California Building Industry Assn. v. State Water Resources Control Bd.* (2018) 4 Cal.5th 1032, 1050 [where appellant fails to raise an argument "until its appellate reply brief," it "has forfeited the argument. [Citation.]"].)

9

burden to articulate a legitimate non-retaliatory reason for termination "is not an onerous burden [citation], and is generally met by presenting admissible evidence showing the defendant's reason for its employment decision [citation]".) The burden therefore shifted to Plaintiffs to introduce "substantial evidence that the employer's stated nondiscriminatory [or nonretaliatory] reason for the adverse action was untrue or pretextual, or evidence the employer acted with a discriminatory [or retaliatory] animus, or a combination of the two, such that a reasonable trier of fact could conclude the employer engaged in [unlawful retaliation]." (*Hersant v. Department of Social Services* (1997) 57 Cal.App.4th 997, 1004-1005 (*Hersant*).) Plaintiffs have not done so.

Plaintiffs submitted the following evidence in support of their opposition: (1) Plaintiffs complained about SCPMG's recording policy to Mr. Mallon; (2) Mr. Mallon reported their concerns to Ms. Cabello; (3) the union sent a cease and desist letter on their behalf demanding that recording of phone calls stop; and (4) Burgos's deposition testimony that she had a "very informal" meeting with Ms. Cabello after Ms. Cabello learned of the complaints, during which Ms. Cabello stated "[Burgos] should have gone to [Cabello] first rather than contact the union."[7]

Plaintiffs did not present any evidence that the allegations of misconduct against them were inaccurate, including even their

---

[7] Plaintiffs also allege they "believed that Ms. Cabello had herself engineered a complaint against them, which she herself then 'investigated,' in a further effort to retaliate against [Plaintiffs]." Mere speculation, however, is insufficient to create a triable issue of fact. (See, e.g., *Brown v. Ransweiler* (2009) 171 Cal.App.4th 516, 525 ("'[a]n issue of fact can only be created by a conflict of evidence. It is not created by "speculation, conjecture, imagination or guess work." . . .'").)

own denials.[8] Moreover, although it is undisputed that other SCPMG employees complained about the phone recording policy, Plaintiffs submitted no evidence of disparate treatment of those other employees. They failed to present any evidence of statements or conduct by any SCPMG managers indicating a retaliatory motive. Thus, we conclude Plaintiffs failed to produce "substantial evidence" from which a trier of fact could conclude the grounds given by SCPMG for Plaintiffs' termination were pretextual. (*Hersant, supra,* 57 Cal.App.4th at pp. 1004-1005.)

## IV. Plaintiffs' Third Cause of Action for Violation of Business and Professions Code section 17200 Fails for the Same Reason as Their Retaliation Claims

Plaintiffs concede their cause of action for violation of Business and Professions Code section 17200 is derivative of their claims for retaliation. We therefore conclude SCPMG is entitled to summary adjudication of this claim for the same reasons it is entitled to summary adjudication of Plaintiffs' retaliation claims.

---

8　In their declarations, Plaintiffs include an identical paragraph stating patients were given a 30 minute window in which they would receive a call from the wellness coaches, and that it was "plausible [for Plaintiffs] to leave 10-15 minutes early" if the coach could not reach a patient after two attempts. We agree with the trial court that "[g]iven the many grounds listed for their termination, [P]laintiffs' one paragraph explanation of why on a few occasions they left 10 to 15 minutes early is not sufficient to raise a triable issue of fact that SCPMG's grounds were pretextual."

11

**DISPOSITION**

The judgment is affirmed. The cross-appeal is dismissed as moot. SCPMG is awarded its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, J.

We concur:

MANELLA, P.J.

WILLHITE, J.