Filed 10/14/22  Aziz v. City of Maywood CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

|  |  |
|---|---|
| NADIYA AZIZ,<br><br>　　　Petitioner and Appellant,<br><br>　　v.<br><br>CITY OF MAYWOOD,<br><br>　　Defendant and Respondent. | B314247<br><br>(Los Angeles County<br>Super. Ct. No.19STCP04963) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Mitchell L. Beckloff, Judge.  Affirmed.

Roger J. Diamond for Petitioner and Appellant.

Richards, Watson & Gershon, T. Peter Pierce, Ginetta L. Giovinco and Sarah E. Gerst for Defendant and Respondent.

_____

Nadiya Aziz appeals from the trial court's judgment denying her petition for writ of administrative mandamus. She argues that the City of Maywood's denial of her application for a commercial cannabis license and a conditional use permit (CUP) was not supported by the evidence. She asks us to reverse the trial court's judgment and to order the City to issue her a commercial cannabis license and a CUP.

We conclude that Aziz waived her arguments on appeal by failing to support her claims with any applicable legal authority and by omitting material evidence from her brief. Accordingly, we affirm the judgment on grounds of waiver and mootness, and do not determine whether substantial evidence supports the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. The City's Cannabis Business Regulations

In December 2016, the City adopted Ordinance No. 16-03, titled "Code Amendment Permitting Marijuana Businesses in Certain Zones of the City." The ordinance set forth the procedure and requirements for obtaining a cannabis business license. The City reserved the right to deny a license under certain conditions.

In August 2018, the City adopted Ordinance No. 18-12, which amended its existing cannabis business regulations. Ordinance No. 18-12 set forth specific categories of businesses that could be permitted and detailed operational requirements for those businesses. It also listed grounds for denial of an application. To obtain a license, it provided that an applicant would also need to secure a CUP.

2

On August 28, 2019, the City enacted Ordinance 19-03. This ordinance prohibited all new cannabis business licenses and CUPs in the City. It allowed cannabis businesses with a valid license and CUP issued prior to the ordinance's effective date to operate. The effective date of the ordinance was September 28, 2019, 30 days after its final passage.

## II. Aziz's Applications and the City's Denials

In March 2019, Aziz applied to the City for a commercial cannabis license for a "non[-]store[]front delivery/retailer" business called Kiki Greens. That same month, the City sent her a letter with the subject "Zoning Verification (Commercial Cannabis Licensing)," confirming that her application was for an area of the City zoned for cannabis businesses.

In July 2019, Aziz submitted her application for a CUP for Kiki Greens, stating it was for a "Vehicle Dispensary (Non-Storefront)."

On September 3, 2019, the City's Planning Commission held a duly noticed public hearing on Aziz's CUP application. After hearing testimony from Aziz and others, the Planning Commission voted unanimously to deny the application. Aziz appealed that decision to the City Council.

On September 25, 2019, the City Council held a duly noticed public hearing on Aziz's appeal. After reviewing the evidence and taking new testimony, the City Council denied Aziz's appeal of her CUP application. This denial meant that her license application could not be granted.

The City Council detailed four reasons for its denial of the CUP: (1) the impacts on nearby properties, including a speech language therapy center for children, and that the rear of the site where the delivery vehicles would load and unload was adjacent

3

to residences, which raised a concern about security and parking; (2) that Aziz failed to show that reasonable restrictions or conditions would prevent these aforementioned impacts; (3) that a non-storefront, delivery-only cannabis business was inconsistent with the City's General Plan because it was not a retail, residential, office, or dining establishment, and it would adversely impact public foot traffic in the area; and (4) that the shape and size of the location was inadequate for parking and the unloading and loading of delivery vehicles.

## III. Aziz's Writs and Trial Court's Ruling

Aziz subsequently filed a petition for a writ of administrative mandamus in superior court, seeking review of the City's decision. She then filed a motion for an order granting a writ of administrative mandamus. Following briefing and a hearing, the trial court denied Aziz's Petition for Writ of Administrative Mandamus in April 2021. The trial court found that Aziz had waived her arguments due to insufficient briefing. The trial court also found that the City's decision was supported by substantial evidence. The court acknowledged the City's argument that Aziz's application was now moot due to the change in the City's law prohibiting new cannabis businesses. It also recognized Aziz's failure to address the City's mootness argument in her reply brief. But the court declined to rule on this argument, noting only that it "appears well taken."

Aziz timely appealed.

## DISCUSSION

## I. Standard of Review

Aziz sought a writ of administrative mandamus under section 1094.5, which sets forth the "procedure for judicial review of adjudicatory decisions rendered by administrative agencies."

4

(*Topanga Assn. for a Scenic Community v. County of Los Angeles* (1974) 11 Cal.3d 506, 514.) Under section 1094.5(c), there are two standards of judicial review of administrative decisions: substantial evidence or independent judgment. (*Malibu Mountains Recreation, Inc. v. County of Los Angeles* (1998) 67 Cal.App.4th 359, 366 (*Malibu Mountains*); accord *Clary v. City of Crescent City* (2017) 11 Cal.App.5th 274, 284.) "The initial denial of a CUP or other license is reviewed by the substantial evidence standard, since until a permit or license is received, no right has vested." (*Malibu Mountains*, *supra*, 67 Cal.App.4th at p. 367.)

An "appellant challenging [an agency's findings] has the burden to show that they are not" supported by substantial evidence. (*JKH Enterprises, Inc. v. Department of Industrial Relations* (2006) 142 Cal.App.4th 1046, 1062.)

## II.    Aziz Waived Her Substantial Evidence Claim

Aziz's brief does not conform to the rules of court in two significant ways.

The trial court held that Aziz "waived her substantial evidence claim" because she failed to present a "fair description of the underlying evidence," citing *Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881 (*Foreman & Clark Corp.*).) This is also true on appeal. An appellant arguing a decision is not supported by substantial evidence must set forth in their brief *all* of the material evidence and not merely their own evidence. (*Ibid*.) Aziz did not include all "significant facts" in her brief, as required. (Cal. Rules of Court, rule 8.204(a)(2)(C).) She failed to cite evidence that the City and the trial court relied upon in making their determinations. For example, she fails to cite the evidence of the impacts on nearby residences that were adjacent to the proposed dispensary's driveway. She also argues that the

5

City found "that the storefront vehicle dispensary use would not be consistent with the Maywood General Plan but that is not true. This is simply a made up hypothetical fact." But she fails to cite the evidence that supported this finding. The evidence shows that the Maywood General Plan sets the area aside for retail, residential, office, and dining establishments (not a delivery-only dispensary). The City was also concerned that the dispensary's vehicles would "adversely affect[] the foot traffic to adjacent businesses and does not enhance the quality of the businesses" in the area. Instead, in discussing the pages of the record where these omitted facts are found, Aziz alleges that these pages reflect that the council members "are controlled by bribes." These material omissions forfeit her alleged error that the trial court's decision is not supported by the evidence. (*Foreman & Clark Corp.*, *supra*, 3 Cal.3d at p. 881.)

Aziz further fails to cite *any* legal authority to support her argument that the trial court's decision was not supported by the evidence. Her brief contains a single string of citations to case law for the general proposition that "[a]rbitrary action by an Administrative Agency is disapproved by the Courts." The cases she cites do not concern writs of administrative mandamus, nor any remotely relevant factual circumstances. They are all employment discrimination cases. (*Morgan v. Regents of University of California* (2000) 88 Cal.App.4th 52; *Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028; *Loggins v. Kaiser Permanente Internat.* (2007) 151 Cal.App.4th 1102; *Nazir v. United Airlines, Inc.* (2009) 178 Cal.App.4th 243; *Lui v. City and County of San Francisco* (2012) 211 Cal.App.4th 962; *Hersant v. Department of Social Services* (1997) 57 Cal.App.4th 997.) A brief must contain legal authority to support its contentions, or the

court may treat the claims as forfeited. (Cal. Rules of Court, rule 8.204(a)(1)(B); *People v. Stanley* (1995) 10 Cal.4th 764, 793; *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 146, 153.)

In sum, Aziz's failure to comply with the rules of court waives her claim of error on appeal.

## III. It Is Unnecessary to Address City's Mootness Argument

Aziz asks us to reverse the trial court and "direct the City to issue the required conditional use permit and regulatory permit." The City argues that the relief sought by Aziz's writ of mandamus is no longer available due to Ordinance No. 19-03, effective September 28, 2019, prohibiting any new cannabis businesses.[1]

In light of our holding that Aziz has waived her claim of error on appeal, it is unnecessary for us to address whether her claim would be viable if it had not been waived. Since the trial court explicitly declined to rely on mootness as a basis for its decision, we refrain from addressing the issue for the first time on appeal, particularly where we dispose of the appeal on other grounds.

---

[1] Both before the trial court and now on appeal, Aziz had the opportunity to brief the question of mootness in response to the City's argument, but she did not do so in her reply brief below, and she did not file a reply brief in this court.

7

**DISPOSITION**

We affirm and award costs to respondent City of Maywood.


HARUTUNIAN, J.[*]

We concur:


STRATTON, P. J.


WILEY, J.

---

[*]     Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8