Filed 10/26/22  City of Santa Monica v. Superior Court CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| CITY OF SANTA MONICA, | B316941 |
| Petitioner, | (Los Angeles County Super. Ct. No. 20STCV11832) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| BRIDGET CADE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDING; petition for writ of mandate. Michelle Williams Court, Judge.  Petition granted.

Liebert Cassidy Whitmore, Jennifer M. Rosner and Jolina Abrena for Petitioner.

No appearance for Respondent.

Equal Rights Law Group and Mika Hilaire for Real Party in Interest.

_____

Petitioner, City of Santa Monica (City), is the defendant in a lawsuit brought by a longtime employee, plaintiff and real party in interest Bridget Cade, for alleged discrimination, retaliation, and related wrongs.  In this writ of mandate proceeding, the City properly challenges a trial court ruling denying summary judgment.  We conclude that, because the City showed its reasons for subject employment-related decisions were legitimate and nonretaliatory, and because Cade failed to counter the showing, summary judgment should have been granted.

## BACKGROUND

**Underlying facts**

Following the filing of the City's petition for writ of mandate we issued an alternative writ of mandate, directing the trial court to either enter a new order granting summary judgment or show cause why it should not be ordered to do so. The trial court ultimately declined to grant summary judgment. When the Court of Appeal issues an alternative writ or order to show cause, the real party in interest may file "a return by demurrer, verified answer, or both."  (Cal. Rules of Court, rule 8.487(b)(1).)  Cade failed to file a return in this court, and the petition's allegations are therefore accepted as true.  (Code Civ. Proc., §§ 1089, 1094; *Agricultural Labor Relations Bd. v. Superior*

*Court* (2016) 4 Cal.App.5th 675, 681-682; *Bank of America, N.A. v. Superior Court* (2013) 212 Cal.App.4th 1076, 1084-1086.)[1]

Cade, who is African-American, has worked for the City since 1999.  She has held the same position, administrative services officer in the City's transportation department, since 2012.

In July 2017, Cade failed to report to the City's human resources department that another employee made a complaint of sexual harassment.  It was determined that reporting the complaint fell within Cade's scope of work duties, and, for failing to make the report, Cade received a written reprimand.  Cade did not agree with the discipline and sent an internal appeal letter in August 2017.  That appeal was denied, and, in June 2018, Cade (through her attorney) sent another letter making a similar request.  The reprimand appears to have never been rescinded.

Beginning in January 2018, Cade applied to four different open positions in the City's human resources department, positions she characterized as potential promotions.  She was not chosen for any of the four positions.  These denials formed the basis of Cade's lawsuit against the City.

------

[1]     Prior to issuance of the alternative writ, Cade filed a preliminary opposition to the City's writ petition in response to a request by this court.  Even if we were to consider this preliminary opposition a valid substitute for a proper return (which it is not), it would make scant difference.  Our review of the record—independent from the petition's allegations—reveals no material disputes relevant to the limited issues necessary to resolve this petition.

**The City's motion for summary judgment**

Cade's operative complaint against the City pled four causes of action: (1) discrimination in violation of the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.), (2) retaliation in violation of FEHA, (3) a derivative claim of failure to prevent discrimination and retaliation, and (4) violations of the equal pay statute (Lab. Code, § 1197.5).

Cade eventually dismissed her equal pay claim, and so, with the third cause of action being derivative, the City's motion for summary judgment (or, in the alternative, summary adjudication) primarily focused on the first two causes of action. With respect to the first cause of action, Cade alleged that she was passed over for the four open positions because she is a woman and African-American. (Although the record is not entirely clear on this point, it appears that not one of the four open positions was filled by an African-American candidate, and three of the four were filled by men.) Cade's second cause of action alleged that the City retaliated against her because she challenged the written reprimand she received in July 2017. The retaliation that Cade allegedly suffered was not being hired for any of the four open positions.

In moving for summary judgment, the City presented evidence regarding the interview and selection process for the four open human resources positions. This evidence included the factors considered in filling each open position, including the experience and qualifications deemed important. For each of the positions, evidence was presented regarding why an individual candidate was selected. The City's reasons for choosing applicants other than Cade focused on their respective qualifications.

4

According to the City's evidence, one applicant was better prepared for the employment interview than Cade, answered interview questions more directly, was more familiar with modern human resources trends, and incorporated prior human resources experiences into proposed strategies for the division. Another candidate had solid experience in a broad range of human resources functions, including a strong knowledge of an important recruiting software, and appeared to have good supervisory skills. The candidate for another position, who received the highest total score from the interview panel, had a law degree and had served as lead negotiator in labor negotiations. The candidate chosen for the fourth position likewise received the highest total score from the interview panel and had desired experience in classifications, compensation, and staff development. In contrast, according to the City's evidence, Cade received lower scores, was less focused in interviews, and did not have the breadth of relevant experience or educational background. The City employees who ultimately decided whom to hire for the four positions each declared that Cade's race and gender were not considered in the hiring process, nor were her disciplinary history or related appeals.

In opposing the City's motion, Cade failed to produce substantive evidence. She provided no evidence refuting the City's stated reasons for its employment decisions or showing that the decisions may have been pretextual. Instead, Cade flatly asserted, without reference to supporting evidence, that the hiring process was subjective, that her application was not adequately considered, that she had relevant experience, and that the rejections were due to her race and because she challenged the written reprimand.

In November 2021, the trial court granted summary adjudication as to Cade's fourth case of action, for violation of equal pay requirements, but denied summary adjudication as to the other three causes of action. Following the City's timely writ petition, we issued the alternative writ of mandate. In response, the trial court amended its ruling in May 2022, in part, by adjudicating the first cause of action, for discrimination in violation of FEHA, in favor of the City. The court found that the City "met its burden of showing a legitimate business reason for the adverse employment actions," and that Cade's argument in response lacked "evidentiary support." The court, however, declined to summarily adjudicate the second cause of action, for retaliation, or the derivative third cause of action.

## DISCUSSION

### I. Writ review

Summary judgment must be granted if the papers show an absence of triable issues of material fact and that the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) A party challenging denial of summary judgment may do so by writ petition. (*Id.*, subd. (m)(1).) "'Where the trial court's denial of a motion for summary judgment will result in trial on nonactionable claims, a writ of mandate will issue.'" (*CRST, Inc. v. Superior Court* (2017) 11 Cal.App.5th 1255, 1259-1260.) We review a trial court's decision on summary judgment de novo, determining independently whether the facts not subject to material dispute support summary judgment. (*Id.* at p. 1260; *Intel Corp. v. Hamidi* (2003) 30 Cal.4th 1342, 1348.)

6

## II. Discrimination claim

In its revised May 2022 order, the trial court summarily adjudicated Cade's discrimination cause of action, leaving retaliation as the last substantive claim. Because Cade's remaining retaliation claim rests largely on the same set of material facts as her discrimination claim, we initially note that summary adjudication of the discrimination claim was warranted. As the trial court found, the City met its burden as the movant by "set[ting] forth competent, admissible evidence [citations] of its reasons, unrelated to . . . bias," that it demonstrated a legitimate business reason for the claimed adverse employment action (see *Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 357 (*Guz*)), which was declining to hire Cade for any of the four open positions.

This showing shifted the burden to Cade. "[T]o avoid summary judgment, an employee claiming discrimination must offer substantial evidence that the employer's stated nondiscriminatory reason for the adverse action was untrue or pretextual, or evidence the employer acted with a discriminatory animus, or a combination of the two, such that a reasonable trier of fact could conclude the employer engaged in intentional discrimination." (*Hersant v. Department of Social Services* (1997) 57 Cal.App.4th 997, 1004-1005 (*Hersant*).) As found by the trial court, Cade failed to offer such evidence. The trial court, therefore, properly granted summary adjudication of the discrimination claim.

## III. Retaliation claim

In denying summary adjudication on Cade's retaliation cause of action, the trial court, for unexplained reasons, did not apply the same analysis it employed in deciding the

7

discrimination claim.  Cade based her retaliation claim on allegations that the City retaliated against her for challenging the written reprimand by not hiring her for any of the open positions—the same claimed adverse actions as those underlying the discrimination claim.  This commonality should have prompted the trial court to again determine whether the City demonstrated its employment decisions were legitimate and whether Cade then countered the showing.

Cade's retaliation claim was brought under Government Code section 12940.  FEHA prohibits employers from "discharg[ing], expel[ling], or otherwise discriminat[ing] against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part."  (Gov. Code, § 12940, subd. (h).)

California courts follow a modified version of the burden-shifting analysis of *McDonnell Douglas Corp. v. Green* (1973) 411 U.S. 792 in resolving FEHA employment retaliation claims on summary judgment.  (*Glynn v. Superior Court* (2019) 42 Cal.App.5th 47, 55 (*Glynn*); *Loggins v. Kaiser Permanente Internat.* (2007) 151 Cal.App.4th 1102, 1109 (*Loggins*).)  "In the first stage, the 'plaintiff must show (1) he or she engaged in a "protected activity," (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action.'  (*Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1042.)  If the employee successfully establishes these elements and thereby shows a prima facie case exists, the burden shifts to the employer to provide evidence that there was a legitimate, nonretaliatory reason for the adverse employment action.  (*Morgan v. Regents of*

*University of California* (2000) 88 Cal.App.4th 52, 68.) If the employer produces evidence showing a legitimate reason for the adverse employment action, 'the presumption of retaliation ""'"drops out of the picture,"'"'" (*Yanowitz, supra*, at p. 1042), and the burden shifts back to the employee to provide 'substantial responsive evidence' that the employer's proffered reasons were untrue or pretextual (*Martin v. Lockheed Missiles & Space Co.* (1994) 29 Cal.App.4th 1718, 1735)." (*Loggins, supra*, 151 Cal.App.4th at p. 1109.)

We assume, without deciding, that Cade made an initial prima facie case for FEHA retaliation. The burden thus would have shifted to the City to provide evidence of legitimate, nonretaliatory reasons for its employment decisions. (See *Loggins, supra*, 151 Cal.App.4th at p. 1109.) As found by the trial court in adjudicating the discrimination cause of action, the City met its burden. The City produced substantial evidence showing how the employment decisions at issue were made and what factors were considered. The City's reasons for its decisions were, on their face, legitimate, and no retaliatory animus was apparent.

The burden therefore shifted back to Cade to offer substantial evidence that the City's reasons were untrue or pretextual. (See *Loggins, supra*, 151 Cal.App.4th at p. 1109; *Hersant, supra,* 57 Cal.App.4th at pp. 1004-1005.) In opposing summary judgment, the employee cannot "simply show the employer's decision was wrong, mistaken, or unwise. Rather, the employee '"must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder *could* rationally find them 'unworthy of credence,'

9

[citation], and hence infer 'that the employer did not act for the [. . . asserted] non-discriminatory reasons.'"'" (*Horn v. Cushman & Wakefield Western, Inc.* (1999) 72 Cal.App.4th 798, 807 (*Horn*), quoting *Hersant,* at p. 1005.)

Cade failed to provide evidence demonstrating weakness or incoherency in the City's reasons for its hiring decisions. At most, through a declaration she submitted on her own behalf, Cade characterized the City's hiring process as deficient because it should have considered her a better candidate than it actually did. But, even under her own narrative, Cade did not claim that she was a top candidate for any of the four open positions. Indeed, Cade failed to show that the City's decisions were "wrong, mistaken, or unwise" (*Horn, supra*, 72 Cal.App.4th at p. 807), much less that they may have been pretextual. In short, Cade failed to raise a triable issue of fact that the City retaliated against her.

In Cade's preliminary opposition to the mandate petition filed in this court, Cade argues that the "temporal proximity" between, on the one hand, her involvement in handling the sexual harassment claim and the subsequent reprimand and internal appeals, and, on the other hand, the City's decisions not to hire Cade for any of the four open positions, shows that the City's reasons were pretextual. This argument fails. While temporal proximity, by itself, may be enough to initially place the burden on the defendant to demonstrate legitimate reasons for an employment action, once the defendant makes that showing, temporal proximity is insufficient to raise a triable issue of fact as to pretext or untruthfulness. (*Loggins, supra*, 151 Cal.App.4th at pp. 1112-1113.) At most, temporal proximity can be a factor in establishing pretext if combined with other evidence. (*Arteaga v.*

10

*Brink's, Inc.* (2008) 163 Cal.App.4th 327, 353-354.) That other evidence was sorely lacking here.

Cade also argues that the City gave "shifting reasons" for its decisions. While "shifting" justifications for an employment action can also be a factor in determining whether the action was untrue or pretextual (*Guz, supra*, 24 Cal.4th at p. 363), Cade did not adequately show how the City's reasons for its decisions shifted. The evidence provided on summary judgment presented a consistent narrative of the City choosing the applicants that it deemed best qualified for the open positions. (See *Horn, supra*, 72 Cal.App.4th at p. 815, quoting *Nidds v. Schindler Elevator Corp.* (9th Cir. 1996) 113 F.3d 912, 918 [reasons given by employer "are 'not incompatible, and therefore not properly described as "shifting reasons,"'" when they involve the same central theme].) Cade's statements that she was also a worthy candidate, and evidence that the City valued her as a longtime employee, do not establish shifting reasons.

Having failed to provide evidence tending to show that the City's reasons for its decisions were untrue or pretextual, Cade did not meet her burden in opposing summary judgment. The trial court, therefore, erred by declining to adjudicate the retaliation cause of action in favor of the City.

## IV.    Failure to prevent claim

Cade's further remaining cause of action, for failure to prevent discrimination and retaliation, is entirely derivative of her discrimination and retaliation claims. (See *Featherstone v. Southern California Permanente Medical Group* (2017) 10 Cal.App.5th 1150, 1166; see also *Glynn, supra*, 42 Cal.App.5th at p. 56.) Cade does not argue otherwise. Thus, the trial court

11

erred by failing to adjudicate the cause of action in favor of the City and accordingly enter summary judgment.

## DISPOSITION

The petition is granted.  A writ of mandate hereby issues directing the trial court to vacate its orders denying the City's motion for summary judgment and to enter a new and different order granting the motion for summary judgment.  This court's prior order staying trial court proceedings is dissolved.  The City is entitled to its costs incurred in this writ proceeding.


                                        CHAVEZ, J.

We concur:


LUI, P. J.


HOFFSTADT, J.


12