NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMILAH TALIBAH ABDUL-HAQQ,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>PERMANENTE MEDICAL GROUP, INC., TPMG form unknown, KAISER FOUNDATION HOSPITALS, (KFH) unknown form, TERYE GAUSTAD, DENNIS RAMAS, ROBERTO MARTINEZ, SONYA BROOKS, KAROL BURNETT-QUICK, SHELLEY ROMBOUGH, BERNARD TYSON, GREGORY ADAMS, CALIFORNIA NURSES ASSOCIATION, (CNA),<br><br>Defendants-Appellees, | No. 22-16684<br><br>D.C. No. 3:19-cv-03727-JD<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted March 18, 2024**
San Francisco, California

Before: WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff-Appellant Jamilah Talibah Abdul-Haqq appeals pro se from the district court's summary judgment in favor of Defendant-Appellee Permanente Medical Group, Inc. (TPMG) on Abdul-Haqq's claim of wrongful termination and the district court's summary judgment in favor of Defendant-Appellee California Nurses Association (CNA) on Abdul-Haqq's claim of breach of the duty of fair representation. We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review de novo a district court's ruling on a summary judgment motion." *Cottonwood Env. L. Ctr. v. Edwards*, 86 F.4th 1255, 1260 (9th Cir. 2023). "We review the district court's rulings concerning discovery . . . for abuse of discretion." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 822 (9th Cir. 2011).

1. The district court properly granted summary judgment for TPMG on Abdul-Haqq's claim of wrongful termination based on disability discrimination and retaliation. In California, both disability discrimination and retaliation for filing workplace complaints provide a basis for a common law wrongful discharge claim. *See City of Moorpark v. Superior Ct.*, 18 Cal. 4th 1143, 1161 (1998) (disability discrimination); *Wilkin v. Cmty. Hosp. of the Monterey Peninsula*, 71 Cal. App. 5th 806, 828 (2021) (retaliation). When, as here, a plaintiff seeks to prove her wrongful termination claim based on circumstantial evidence, California applies the federal three-part burden-shifting test from the Supreme Court's decision in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Wills v. Superior Ct.*, 195 Cal.

2

App. 4th 143, 159 (2011), citing *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 354–55 (2000).

Assuming without deciding that Abdul-Haqq established a prima facie case, TPMG established a nondiscriminatory, nonretaliatory reason for terminating Abdul-Haqq—multiple violations of TPMG policy that negatively impacted patient care and the workplace environment. Abdul-Haqq does not dispute that she committed these violations. Thus, the burden shifts back to Abdul-Haqq. To establish pretext, she "must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons." *Hersant v. Dep't of Soc. Servs.*, 57 Cal. App. 4th 997, 1005 (1997). Abdul-Haqq contends she met this burden because she points to supposed inconsistencies in TPMG's paperwork surrounding her termination, the supposed lack of training on certain policies, and a computer problem. But these mere allegations are insufficient to show pretext when Abdul-Haqq engaged in a pattern of policy violations over multiple years, TPMG met—or attempted to meet—with Abdul-Haqq many times to address the incidents, TPMG granted her leave requests, TPMG gave Abdul-Haqq multiple verbal and written warnings that continued violation of policy would result in termination, and TPMG only terminated Abdul-Haqq after her repeated noncompliance with reasonable requests.

3

Abdul-Haqq also argues that TPMG's stated reasons are mere pretext because she was terminated approximately one month after filing a complaint against TPMG with the federal Equal Employment Opportunity Commission. While evidence of temporal proximity is sufficient to demonstrate a prima facie case of retaliation, it is ordinarily insufficient to satisfy the secondary burden to provide evidence of pretext. *See Loggins v. Kaiser Permanente Int'l*, 151 Cal. App. 4th 1102, 1112 (2007). In this case, temporal proximity between Abdul-Haqq's termination and her complaint, when examined in the context of the record, "does not create a triable issue as to pretext, and summary judgment for the employer is proper." *See Arteaga v. Brink's, Inc.*, 163 Cal. App. 4th 327, 357 (2008).

2. The district court properly granted summary judgment for CNA on Abdul-Haqq's claim of breach of the duty of fair representation. A union breaches the duty of fair representation if it exercises its judgment in bad faith or in a discriminatory manner. *See Moore v. Bechtel Power Corp.*, 840 F.2d 634, 636 (9th Cir. 1988). "To establish that the union's exercise of judgment was in bad faith, the plaintiff must show 'substantial evidence of fraud, deceitful action or dishonest conduct.'" *Beck v. United Food & Commercial Workers Union*, 506 F.3d 874, 880 (9th Cir. 2007), quoting *Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Employees of Am. v. Lockridge*, 403 U.S. 274, 299 (1971). The plaintiff bears the burden of proving a breach of the duty of fair representation. *See Vaca v. Sipes*, 386 U.S. 171, 177

4

(1967). Abdul-Haqq fell short of her burden of proving that CNA breached the duty of fair representation when it opted not to pursue her case in arbitration. To the contrary, CNA faithfully attended Abdul-Haqq's disciplinary meetings, heeded Abdul-Haqq's commands regarding which arguments to raise with TPMG, and followed multiple avenues in an effort to achieve Abdul-Haqq's reinstatement or lessen TPMG's disciplinary action against her. CNA's decision not to pursue arbitration, especially considering Abdul-Haqq's significant admissions in her "rebuttal" letter, was not made in bad faith.

3. Abdul-Haqq waived her argument that the district court abused its discretion by not assisting her in discovery and not including certain documents she requested in the discovery order because she failed to object to the order or move to compel additional discovery. *See Helfand v. Gerson*, 105 F.3d 530, 536 (9th Cir. 1997) (explaining that the plaintiff waived their challenge to defendant's discovery objection by failing to bring a motion to compel); *see also Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) ("A district court has wide latitude in controlling discovery, and its rulings will not be overturned in absence of a clear abuse of discretion") (citation and internal quotation marks omitted); N.D. Cal. Local Rule 37-3 ("No discovery-related motions may be filed more than 7 days after the discovery cut-off"). Abdul-Haqq's pro se status does not relieve her of her

obligation to follow procedural rules. *See Briones v. Riviera Hotel Casino*, 116 F.3d 379, 381–82 (9th Cir. 1997) (per curiam).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**